SOLOMON ADKINS *et al.* Directors, etc.

*v.*

WILLIAM J. MITCHELL.

67   511
129   355
67   511
78a   392
67   511
97a   ²232
67   511
109a   ²281

1.  SCHOOL TEACHER—*right to recover wages.* Where two of the three school directors consent to the employment of a teacher, and he exhibits to them the proper certificate of qualification to teach, at the time of his employment, and he teaches the school according to contract, and makes out and delivers a schedule to one of the directors, who signs and retains it, the teacher will be entitled to recover the wages agreed to be paid him.

2.  APPEAL—*trial de novo without regard to errors of justice of the peace.* The fact that the justice of the peace improperly refused to grant a change of the venue of a suit brought before him, affords no ground for a dismissal of the suit on appeal, as the justice had jurisdiction of the subject matter, and the trial in the circuit court is *de novo.*

APPEAL from the Circuit Court of Cass county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was a suit brought by William J. Mitchell against Solomon Adkins and James Biggs, directors of school district No. 3, township 17 north, range 8 west, before a justice of the peace. The plaintiff recovered, and the defendants appealed to the circuit court, where a judgment was rendered in favor of the plaintiff for $150 and costs.

On appeal to this court a stipulation was filed that the case should be considered as if docketed and the judgment had been rendered against the directors of school district No. 3, township 17 north, range 8, of Cass county, Illinois.

Mr. I. J. KETCHAM, for the appellants.

Messrs. MORRISON & WHITLOCK, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The proof is satisfactory, in this case, that, when the contract was made for the employment of Mitchell as a teacher,

two of the directors consented to it; that the proper certificate required by law was exhibited to them; that the school was taught, and that a schedule was made out by the teacher and presented to one of the directors, and that he signed and retained it.

The proper conclusion from the testimony is, that a majority of the board of directors made the contract with the teacher. It was a valid contract when Adkins was elected. Some attempt was made to change it in regard to the amount of compensation, but no new contract was made. The old one was not, at least, abandoned.

Upon the evidence, we are satisfied with the finding of the jury.

The refusal of the justice of the peace to grant a change of venue did not authorize the dismissal of the suit in the circuit court. The justice had jurisdiction of the subject matter, and on appeal to the circuit court, where there must be a trial *de novo*, that court had jurisdiction of the parties as well as the subject matter.

The instruction given for appellee does not assume, as contended, that a certificate of qualification was exhibited to the board of directors. It expressly informed the jury that such fact must be found from the testimony in the case.

The objection made to the parties is obviated by the stipulation signed by the respective counsel.

There is no error to justify a reversal, and the judgment is affirmed.

*Judgment affirmed.*