ALEXANDER B. CARROW

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 15, 1885.*

1. CHANGE OF VENUE—*diligence required in making application.* An information was filed against a defendant on May 10, 1883, in the county court, for selling intoxicating liquor without a license, and he was arrested on the following day and gave bail for his appearance at the next term, which commenced on the 14th of the same month. On the 14th he served notice on the State's attorney that he would ask for a change of venue, on account of the prejudice of the judge of the court, and on the next day filed his petition for that purpose in due form, and entered his motion for the change of venue, which the court overruled: *Held,* that it was error to refuse the motion, and that no greater diligence could be required than was shown.

2. INFORMATION—*of the affidavit—before whom it is to be made.* The county court may grant leave to the State's attorney to file an information

against one for selling intoxicating liquors without a legal license, upon a proper affidavit made before a justice of the peace, which satisfies the court that there is probable cause for filing an information. It is not essential the affidavit should be made before the judge of the county court.

3. JUROR—*competency—prejudice against the particular business.* It is no legal objection to the competency of a juror in a prosecution for selling intoxicating liquors without a license, that he may not approve of selling such liquors either with or without a legal license to keep a dram-shop.

4. But if a juror is so prejudiced against one charged with selling intoxicating liquors, or any other misdemeanor or crime, that he can not give the accused a fair and impartial trial, he will be incompetent to serve.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the County Court of Iroquois county; the Hon. S. G. BOVIE, Judge, presiding.

This was an information filed by the State's attorney against Alexander B. Carrow, for selling liquor without having a legal license so to do. Leave was granted to file the same upon the following affidavit:

"STATE OF ILLINOIS, ⎱ ss.
 *Iroquois County.* ⎰

"Joseph Manning, being duly sworn, on his oath states that Alexander B. Carrow on the 4th day of May, in 1883, and on divers other days before as well as after that date, at and within the county of Iroquois and State of Illinois, not having a legal license to keep a dram-shop, intoxicating liquors in less quantities than one gallon, unlawfully did then and there sell, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same People of the State of Illinois.
                                           JOSEPH MANNING."

"Subscribed and sworn to before me this 9th day of May, A. D. 1883.                    W. B. SIMONDS, *J. P.*"

Before arraignment in open court, on May 15, 1883, the defendant applied for a change of venue, on account of the prejudice of the judge, and in support of the application filed

a copy of a notice of the application served on the State's attorney on the preceding day. He also filed his petition, which, after the entitling of the case, is in the following words:

"The petitioner, Alexander B. Carrow, who, being duly sworn, on oath states that he is the defendant in the above entitled cause, and that he fears that he will not receive a fair and impartial trial in the said court, because the judge of said court, the Hon. S. G. Bovie, is prejudiced against petitioner. And petitioner further states that the judge of the circuit court, the Hon. Franklin Blades, is prejudiced against him, and because of such prejudice he fears he can not and will not receive a fair and impartial trial before said Judge Franklin Blades, in the circuit court of said county of Iroquois and said State. Petitioner states that the information in this case was filed on the 10th day of May, 1883, and he was arrested on the 11th of May, 1883, and gave bond for his appearance at this term of court, and this petition is made at the first opportunity since the knowledge of said prejudice came to affiant, which was on the 12th day of May, 1883, and this is the first term of court since affiant's arrest. He therefore prays a change of venue according to law.

ALEXANDER B. CARROW."

"STATE OF ILLINOIS, } ss.
  *Iroquois County.* }

"Alexander B. Carrow, being duly sworn, states that he has read the above and foregoing petition, and the same is true in substance and in fact.    . ALEXANDER B. CARROW."

"Subscribed and sworn to before me this 14th day of May, 1883.   [Seal.]     W. F. PIERSON, *Notary Public.*

Filed May 15, 1883.     HENRY A. BUTZOW, *Clerk.*"

In support of said petition the following affidavits were filed:

"STATE OF ILLINOIS, } ss.    County Court, May Term, 1883.
   *Iroquois County.* }

"*The People of the State of Illinois* v. *Alexander B. Carrow.*
Information for selling liquor without license:

"John B. Salkeld, being duly sworn, states upon oath that
he is a reputable person, and a resident of said county of
Iroquois, in said State, and that he is not of kin or counsel
to the said Alexander B. Carrow, applicant for a change of
venue, and affiant believes the judge of said county court,
Stephen G. Bovie, and the judge of the circuit court, Frank-
lin Blades, and each of them, are so prejudiced against the
defendant in said cause that he, the said defendant, can not
have a fair and impartial trial before either of said judges.
Further affiant saith not.            JOHN B. SALKELD."

"Subscribed and sworn to before me this 14th day of May,
A. D. 1883.                           E. SIMPSON, *J. P.*

Filed May 15, 1883.        HENRY A. BUTZOW, *Clerk.*"

"STATE OF ILLINOIS, } ss.    County Court, May Term, 1883.
   *Iroquois County.* }

"*The People of the State of Illinois* v. *Alexander B. Carrow.*
Information for selling liquor without license:

"James Nosker, being duly sworn, states upon oath that
he is a reputable person, and a resident of said county of
Iroquois, and said State, and that he is not of kin or counsel
to the said Alexander B. Carrow, applicant for a change of
venue, and affiant states that he believes the judge of said
county court, Stephen G. Bovie, and the judge of the circuit
court, Franklin Blades, and each of them, are so prejudiced
against the defendant in said cause that he, the said defend-
ant, can not have a fair and impartial trial before either of
said judges.   Further affiant saith not.
                                      JAMES NOSKER."

"Subscribed and sworn to before me this 14th day of May,
A. D. 1883.                           E. SIMPSON, *J. P.*

Filed May 15, 1883.        HENRY A. BUTZOW, *Clerk.*"

The following counter affidavit was filed by the People:

"*The People of the State of Illinois* v. *Alexander B. Carrow:*

"R. W. Hilscher, being duly sworn, on his oath says that the first and only notice of an intended application for a change of venue by said defendant that he received or had served upon him as State's attorney in and for said county, or in any other capacity, is the notice hereto attached, and was served on him by Free P. Morris, one of the attorneys for said defendant, about half-past five or six o'clock in the afternoon of the 14th day of May, A. D. 1883.

R. W. Hilscher."

"Subscribed and sworn to before me this 15th day of May, A. D. 1883.        Henry A. Butzow, *Clerk.*"

Filed May 15, 1883.

Which were all the papers and evidence offered, used or read on the hearing of the application for change of venue of said cause. But the court refused to grant the change of venue, to which ruling defendant excepted.

In impaneling the jury, one O. F. Phelps was challenged for cause, for the reason he had a prejudice against the liquor business, and a man engaged in that business. The court overruled the challenge, and the defendant challenged the juror peremptorily.

A. C. Parks stated he was prejudiced against the liquor business; that it was pretty hard to sell liquor right, and that he would require strict proof that a party sold according to law; that he was prejudiced against a man selling liquor, whether he did it according to law or not, and that if the evidence showed defendant engaged in selling liquor, he would be prejudiced against him. Defendant challenged the juror for cause, when the court asked the juror: "If, from all the evidence in this case, you should have a reasonable doubt, would you give the defendant the benefit of that doubt in a liquor ·case as well as any other criminal case?" And he

answered; "I think I could." The court overruled the challenge, and the juror was then challenged peremptorily.

David Johnson said he had heard of the case, but not the facts, and that he condemned the liquor business. He was challenged.

B. F. Parrington stated: "The fact a party was charged with selling liquor might have a little influence over me." That he was opposed to selling liquor, and would be inclined to think defendant guilty, or he would not be charged. The person so answering was challenged for cause, but the court overruled the challenge, and defendant excepted.

J. R. Parkinson was challenged peremptorily. The State's attorney thereupon insisted that the challenges of the defendant were exhausted, whereupon the court overruled the challenge, to which the defendant excepted.

Mr. Kershow was examined as to his competency, and said he was prejudiced against selling liquor, and so opposed to a man in that business that it would influence him against him on the trial, and the fact that defendant is charged would require some explanation or evidence on his part. The appellant was challenged for cause, but the court overruled the challenge, to which the defendant excepted.

Mr. ISAAC W. HOLLAND, and Messrs. DOYLE, MORRIS & PIERSON, for the plaintiff in error:

The affidavit upon which the information is based was not made before the county judge pursuant to the evident statutory intent. Hurd's Stat. 1883, chap. 37, sec. 207.

The affidavit makes but one specific charge, while the information makes twenty-six. That part of the statute which gives the State's attorney authority to file an information of his own motion, is antagonistic to article 2, section 6, of the Bill of Rights.

The defendant complied with the law by presenting his petition for a change of venue, and it being on account of

the prejudice of the judge, it was not permissible for a counter showing to be made, and the court erred in refusing the application. Hurd's Stat. 1883, chap. 146, sec. 18, secs. 20, 21; *McGoon* v. *Little*, 2 Gilm. 42; *Barrows* v. *People*, 11 Ill. 121; *Walsh* v. *Ray*, 38 id. 30.

The notice of the application should be reasonable, and the length of time necessary to constitute a reasonable notice will depend on the circumstances.

And when the application is on account of the prejudice of the judge, it is error to deny it. *Perteet* v. *People*, 65 Ill. 230; *Rafferty* v. *People*, 66 id. 118; *Freeling* v. *State*, 8 Mo. 611; *Cross* v. *State*, 2 Greene, (Iowa,) 353; *Welsh* v. *Savery*, 4 Iowa, 241; *Brener* v. *Frazier*, 8 id. 77; *McCann* v. *People*, 88 Ill. 103; *Lumbard* v. *People*, 5 Bradeen, 560.

Mr. GEORGE HUNT, Attorney General, for the People:

The affidavit of Manning justified the filing of the information. It was not necessary it should be sworn to before the county judge. *Myers* v. *People*, 67 Ill. 503.

The claim that defendant had a license to sell, is not well taken. The license was not signed by the president, and was issued to extend beyond the municipal year for which a majority of the trustees were elected, and was to commence beyond such year, and was therefore void. Rev. Stat. chap. 24, sec. 62, clause 46.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The information in this case was filed on the 10th day of May, 1883, in vacation, after the January term, 1883, in the county court of Iroquois county, by the State's attorney, and charges defendant, Alex. B. Carrow, with selling intoxicating liquors contrary to the statute, he not having a legal license to keep a "dram-shop." It contains twenty-six counts, alleging, by appropriate averments, that many distinct offences. On the trial in the county court, defendant was found guilty

of five offences as charged in the information, and the court imposed a fine of $40 and costs on each count on which defendant was found guilty, and rendered judgment against him accordingly, and, as a part of the judgment, ordered that defendant stand committed until fine and costs should be paid. That judgment was affirmed in the Appellate Court for the Second District, and defendant brings the case to this court on error.

No matter what view could be taken of the merits of the case, the present judgment against defendant must be reversed on account of the refusal of the court to allow defendant's motion for a change of venue of the cause. The petition on which the motion was based was in the usual form, and alleged the judge of the court in which the cause was pending was so prejudiced against defendant that he feared he could not have a fair and impartial trial in such court. It conformed in all essential particulars to the requirements of the law, and was presented in apt time. As appears from the record, the information was filed against defendant on the 10th day of May, 1883. He was arrested on the 11th day of that month, and gave bail for his appearance at the next term of the county court, which convened on the 14th day of the same month. On the first day of the May term, 1883, of the county court, (that is, on the 14th day of that month,) defendant caused notice to be served on the State's attorney that he would ask a change of venue of the cause on account of the prejudice of the judge, and on the next morning he made his motion for that purpose, which was by the court disallowed. Greater diligence the law does not require, and it was error in the court to refuse to change the venue of the cause, as was asked to be done by the petition.

There are a few questions that may arise on another trial of the cause, concerning which something ought now to be said. The point made the information is founded on no sufficient affidavit, is not well taken. Construing the statute,

as, perhaps, should be done, with reference to the sixth section of the Bill of Rights, which declares "no warrant shall issue without probable cause," the affidavit filed in this cause does show probable cause for filing the information, and the subsequent arrest of defendant. It is a matter of no consequence before whom the affidavit was made. It is not essential it should have been made before the judge of the county court that granted leave to present the information. In this case the affidavit was sworn to before a justice of the peace, and that is sufficient, if it satisfied the judge to whom it was presented there was "probable cause" for filing the information. More than that the law does not require for the security of the citizen against unwarrantable prosecutions. *Myers* v. *People*, 67 Ill. 503.

Objections are taken to the rulings of the court touching the competency of a number of jurors chosen to try the cause. It is no legal objection to the competency of a juror, in such cases as the one now being considered, the juror may not approve of selling intoxicating liquors, either with or without a legal license to keep a dram-shop. He is quite as competent, other qualifications being equal, as one who does approve of it; and if both classes should be excluded, it is obvious it would be impracticable to secure a jury in such cases, for it is apparent most men who have capacity enough to make an intelligent juror have convictions as to the propriety of such a business. One may approve it, and another condemn it, but his convictions in that respect would not disqualify a person having all other necessary qualifications from becoming a juror. Some of the persons in this case, when examined touching their competency as jurors, answered, they had a "prejudice against the business of selling intoxicating liquors," and some, perhaps, went to the extent of saying that prejudice extended to defendant. It is apparent, from the whole examination, that all the juror wished to be understood as saying was, he did not approve of the business of selling in-

toxicating liquors, and nothing more. All right-minded persons disapprove of crime, but their hatred of everything they may believe hurtful to the public welfare by no means disqualifies them for jury service,—otherwise the administration of the criminal law would be largely committed to the worst class of persons, which, of course, the law will not tolerate. But if a person is so prejudiced against one charged with selling intoxicating liquors, or any other misdemeanor or crime, that he could not give the accused a fair and impartial trial, he would, of course, be an incompetent juror, and should be excused from serving in that capacity. Under this latter rule one or two of the jurors chosen in this case were clearly disqualified, and the court should have sustained the challenges to their competency.

On account of the error indicated, the judgment of the Appellate Court will be reversed, and the cause remanded, with directions to reverse the judgment of the county court and remand the cause for a new trial.

*Judgment reversed.*