SAMUEL HOLMES, Appellant, v. MICHAEL BUTTS, Appellee.

Justices' Courts: CHANGE OF VENUE: PAYMENT OF FEES IN ADVANCE. Where an application is made to a justice of the peace for a change of venue, he may demand his fees in advance for services relating to such change, and, if they are not paid, he may, upon motion, strike the application from the files and retain jurisdiction of the case.

Appeal from Fremont District Court.—HON. A. B. THORNELL, Judge.

MONDAY, JANUARY 30, 1893.

THE plaintiff commenced an action of forcible detainer before a justice of the peace in which he

demanded that the defendant be removed from certain real estate owned by the plaintiff. The ground of the action was that the defendant was a tenant wrongfully holding over after the termination of a lease of the premises. There was a judgment for the plaintiff. The defendant sued out a writ of error to the district court. A return was made by the justice and a hearing was had, and the judgment of the justice of the peace was set aside, and the cause was remanded to him. The plaintiff appeals.—*Reversed.*

*S. Holmes,* for appellant.

No appearance for appellee.

ROTHROCK, J.—It appears from the docket entries of the justice of the peace and his return to the writ of error that the action was commenced before the justice of the peace and proper service of notice was had upon the defendant, and that the cause stood for trial on the sixth day of March, 1891, at 10 o'clock A. M. Before the hour fixed for trial the defendant appeared at the office of the justice of the peace and left a motion with him to change the venue, on the ground that said justice of the peace was so prejudiced against the defendant that he could not obtain justice before him. When the hour of trial arrived the plaintiff appeared and filed a motion to strike the application from the files. One ground of this motion was as follows: "Comes now the plaintiff, and moves the court to strike the motion and affidavit for a change of venue from the files for the reason that the costs for such change of venue and for conveying the transcript to the next nearest justice were demanded in advance and were not paid." The motion was sustained, and the justice of the peace proceeded with the trial, and rendered the judgment from which the writ of error was taken. It appears to have been conceded on the hearing and examination of the

record in the court below that the defendant had left the office of the justice of the peace before the time for trial and did not return.

This case, so far as any question is properly presented, involves the single inquiry whether the justice of the peace erred in striking the application for a change of venue from the files; or, to be more specific, had the justice the right, before granting the change, to require that the costs occasioned thereby should be paid by the party making the application? It is provided by section 3842 of the Code that "the officer performing any service under the chapter of which said section is a part is entitled to his fees in advance." There are certain exceptions to this provision—as, where the services are connected with a criminal prosecution, or where the fees are payable by the state or county. When the defendant appeared and demanded a change of venue the justice was authorized to demand his fees in advance for the making and certifying of the transcript; and the change is not complete until the transcript is transmitted to the next nearest justice of the peace. He can not take jurisdiction of the case without the transfer of it to him. He can not proceed to try the case without a transcript of the proceedings had before the justice before whom the action was commenced. Code, section 3534. And it is provided in section 3516 of the Code, which is part of the law relating to justices and their courts, that "the parties to the action may be the same as in the circuit (district) court, and all the proceedings prescribed for that court, so far as the same are applicable, and not herein changed, shall be pursued in justice's court." One of the proceedings prescribed for the district court is that the change of venue, except in certain cases, shall not be deemed perfected until the costs caused thereby shall be paid by the applicant for the change. Code, section 2596. In our opinion, it was the right of the

justice of the peace to demand his fees upon making the change, and that for failure to make the payment he had the power to retain jurisdiction of and try the case.

The order of the district court remanding the case to the justice of the peace is REVERSED.