(No. 15397.—Judgment affirmed.)

THE PEOPLE *ex rel.* Louis L. Emmerson, Secretary of State,
   Defendant in Error, *vs.* ROBERT S. LEE *et al.* Plaintiffs
   in Error.

*Opinion filed February 19, 1924—Rehearing denied April 8, 1924.*

1. JURISDICTION—*orders of court having jurisdiction must be
obeyed until reversed and set aside.* Jurisdiction is the authority
to hear and determine a matter, and if a court has jurisdiction of
the subject matter and parties its orders and judgments must be
obeyed until reversed and set aside.

2. SAME—*erroneous ruling does not deprive court of its juris-
diction.* A wrongful or erroneous denial of a right, even if abso-
lute, does not deprive the court of jurisdiction, but the ruling is
subject to review and reversal.

3. VENUE—*court has jurisdiction to determine whether petition
is proper.* The statute makes it the duty of the court to transfer
a cause to another judge or court when a proper petition is filed,
but when a petition is presented the court has jurisdiction to deter-
mine whether it meets the requirements of the statute.

4. SAME—*court retains jurisdiction until order is entered trans-
ferring the cause.* Jurisdiction is extended by law over the gen-
eral subject of ordering changes of venue upon proper application,
and when such application is made the court retains jurisdiction
until some order is made transferring the jurisdiction to some other
judge or court.

5. SAME—*erroneous denial of change of venue does not deprive
court of jurisdiction.* A judgment is not void which is entered
after the court erroneously denies a change of venue.

6. CONTEMPT—*whether injunction was erroneously granted can
not be determined in proceeding for contempt in violating it.* Par-
ties cannot refuse to obey an injunction which the circuit court
had jurisdiction to grant, even though it was erroneously granted,
and in a proceeding against them for contempt the only issue in-
volved is whether the injunction was violated.

7. SAME—*when finding that injunction was violated is conclusive.* In a review of a proceeding for contempt in violating an injunction, where there is no certificate of evidence on the charge that the injunction was violated, the finding of the court that the defendants were guilty of such violation is conclusive.

8. SECURITIES—*Securities act is valid.* The Illinois Securities act, adopted for the general welfare and to protect the public from diversified methods of deceit and fraud in the sale of securities, is free from any constitutional objection. (*Stewart* v. *Brady,* 300 Ill. 425, followed.)

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

FRANK H. NOVAK, and LEO L. DONAHOE, (ROBERT S. LEE, of counsel,) for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, and WILLIAM C. CLAUSEN, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Cook county adjudged Robert S. Lee and Daniel A. Schissler, plaintiffs in error, guilty of contempt by violating an injunction order of that court entered on March 18, 1922, restraining them from offering for sale or selling the so-called and designated interests of the Diversified Banking Syndicate of Illinois, and sentenced them to confinement in the jail of Cook county for sixty days and to each pay a fine of $500. A writ of error was sued out of this court for a review of the judgment.

On March 14, 1922, a bill was filed by the People of the State of Illinois, on the relation of Louis L. Emmerson, Secretary of State, in the circuit court of Cook county, against the plaintiffs in error and others, alleging that they were engaged in offering for sale and selling certificates of interest in the Diversified Banking Syndicate of Illinois, represented to be a limited partnership, which certificates

of interest provided for the admission of limited partners in accordance with the act entitled "An act to make uniform the law relating to limited partnerships." The bill alleged that the certificates provided that the holder of a certificate was entitled to fully paid and non-assessable contributory shares of the fixed value of $25 each and should be preferred as and entitled to receive a fixed cumulative dividend or income of eight per cent per annum, evidenced by coupons attached to the certificate and payable at presentation upon the several dates of maturity thereof; that the general partners then and thereafter should receive a dividend of four and one-half per cent or income out of the profits on the capital of the limited partnership; that thereafter, if there should be any surplus remaining, the general partners might, in their discretion, declare a further and additional dividend, which should be divided equally *pro rata*, fifty per cent to the limited partners and fifty per cent to the general partners; that the contributions made by limited partners should be paid back at the expiration of the limited partnership, together with accrued and unpaid dividends, and that the general partners might admit additional general or limited partners without restriction as to number or amount of contributions. Further stipulations of the certificates were set forth. The certificates were signed by plaintiffs in error, Robert S. Lee as general partner and president and Daniel A. Schissler as general partner and secretary. It was alleged that these certificates were based on prospective income and were securities of the class and character known as "class D" securities under the Illinois Securities law, and it was charged that the law had not been complied with and the plaintiffs in error had no authority in law to offer the same for sale. On March 15, 1922, an application for a preliminary injunction on the verified bill of complaint came on for hearing. On March 16, 1922, the defendants filed their petition for the removal of the cause to the Federal court upon the

ground of different citizenship, alleging that they were citizens of Indiana. On March 18, 1922, that petition was denied. The plaintiffs in error then filed their petition for a change of venue, alleging prejudice of all the judges of the circuit court of Cook county. The application for the change of venue was denied, with some comment by the court upon its purpose and the time when it was made, and thereupon, on the same day, the injunction order was entered restraining the defendants as prayed for in the bill of complaint, until further order of the court. On March 31, 1922, by leave of court an information was filed charging the plaintiffs in error with violation of the injunction, and a rule was entered on them to show cause why they should not be attached and punished for contempt. On September 25, 1922, an amended information was filed and a like rule was entered to show cause. There were some proceedings under each of these informations, which became immaterial on the filing of an amended information on October 30, 1922, combining the charges of the two informations. To this amended information the plaintiffs in error demurred, and their demurrer being overruled they filed their answer. There was a hearing, and they were adjudged guilty of contempt and sentenced.

The plaintiffs in error in their answer to the information alleged that the circuit court was without jurisdiction because of the presentation of a good and sufficient petition for a change of venue before the entry of the restraining order, and therefore the order was void for want of jurisdiction to enter the same and they were not bound to obey it. There has been a great deal of strife over the question when the application for a change of venue was made, as related to the time of the hearing and the decision of the court. The certificate of evidence first filed showed that the application was not made until after the hearing on the application for the injunction and after the court had stated what the decision would be. The plaintiffs in error, on

application to this court, were permitted to apply to the circuit court to amend and correct the certificate of evidence so as to show that the application for a change of venue was made and denied before considering the motion for the temporary injunction. Application was made to the circuit court and the certificate of evidence was amended and the transcript filed.

Based on the record as it now stands, the claim of the plaintiffs in error that the injunction order was void and that they were not bound to obey it and could not be punished for disobedience is, that when they presented their petition for a change of venue the right to a change of venue was absolute and the court ceased to have any jurisdiction. Their conclusion results from a misapprehension of the meaning of jurisdiction and the difference between a want of jurisdiction and an erroneous exercise of jurisdiction. Jurisdiction is the authority to hear and determine, and if a court has jurisdiction of the subject matter and the parties, its orders and judgments must be obeyed until reversed and set aside. The statute makes it the duty of the court to transfer a cause to another judge or court when a proper petition is filed, but when a petition is presented the court has jurisdiction to determine whether it meets the requirements of the statute. A wrongful or erroneous denial of a right, even if absolute, does not deprive the court of jurisdiction but the ruling is subject to review and reversal. Jurisdiction is extended by law over the general subject of ordering changes of venue upon proper application, and when such application is made the court retains jurisdiction until some order is made transferring the jurisdiction to some other judge or court. This has always been the law of this State. In *People* v. *Watkins,* 19 Ill. 117, there was a proceeding by *scire facias* in the circuit court of Menard county upon a recognizance taken by two justices of the peace and returned to that court.

The 13th plea attacked the conduct of the justices on the hearing at which the recognizance was required, in not granting a change of venue when demanded by Joseph Watkins. The court said: "This is no bar if the defendant had a right to a change of venue. The refusal to grant a change of venue did not oust them of jurisdiction." In *Adkins* v. *Mitchell*, 67 Ill. 511, the justice of the peace refused to grant a change of venue. An appeal was taken to the circuit court, and it was decided that the refusal of the justice did not authorize the dismissal of the suit in the circuit court; that the justice had jurisdiction of the subject matter and on appeal the cause must be tried *de novo*, and the court had jurisdiction of the parties as well as of the subject matter. In that case there was no opportunity to review the action of the justice and obtain a reversal and yet it was held that he had jurisdiction. In *Carrow* v. *People*, 113 Ill. 550, the defendant filed his petition for a change of venue on account of alleged prejudice of the judge. It was held that the court erred in denying the petition, and for that error the judgment of the Appellate Court was reversed and the cause remanded, with directions to reverse the decision of the county court and remand the cause for a new trial, which was wholly inconsistent with any idea that jurisdiction was lost. In *Cantwell* v. *People*, 138 Ill. 602, there was an application by the defendant for a change of venue based on alleged prejudice of two judges and the petition was denied, and the denial was regarded by this court as error, for which the judgment was reversed and the cause remanded. In no case has it ever been held that a judgment was void because the court had denied a change of venue. The same rule has been declared in *Ritzman* v. *Burnham*, 114 Cal. 522; *Branhart* v. *Davis*, 30 Kan. 520; *Wrought Iron Range Co.* v. *Leach*, 32 Okla. 706; *Holmes* v. *Butts*, 87 Iowa, 412; *State* v. *Morgan*, 44 Utah, 224; Ann. Cas. 1916D, 1279.

The circuit court had jurisdiction to grant the injunction, and the plaintiffs in error could not refuse to obey it even if it was erroneously granted, and in the proceeding against them for contempt the only issue involved was whether the injunction had been violated. *Tolman* v. *Jones,* 114 Ill. 147; *Leopold* v. *People,* 140 id. 552; *Christian Hospital* v. *People,* 223 id. 244; *Flannery* v. *People,* 225 id. 62; *People* v. *McWeeney,* 259 id. 161; *People* v. *Clark,* 268 id. 156; *Lyon & Healy* v. *Piano Workers' International Union,* 289 id. 176; *Anderson & Lind Manf. Co.* v. *Carpenters' District Council,* 308 id. 488.

It is argued that the Securities act is in violation of constitutional rights, but the court held in *Stewart* v. *Brady,* 300 Ill. 425, that the act, adopted for the general welfare and to protect the public from diversified methods of deceit and fraud in the sale of securities, is free from any constitutional objection.

It is urged that the alleged securities sold in defiance of the restraining order were not shown to be the same securities or the same kind or class as "Exhibit A" attached to the bill of complaint. "Exhibit A" does not appear in the abstract except as follows: "Here follows 'Exhibit A,' being the certificate or receipt for contribution to said partnership." Whether the certificates sold were the same as "Exhibit A" does not appear except by the finding of the court, which is not overcome by anything in the abstract.

There is no certificate of evidence on the charge that the plaintiffs in error violated the injunction, and the finding of the court is conclusive against them.

. The judgment is affirmed.            *Judgment affirmed.*