[No. 13779. In Bank. — September 10, 1890.]

GEORGE LOWREY, PETITIONER, v. S. L. HOGUE, RESPONDENT.

CRIMINAL LAW — JUSTICE'S COURT — CHANGE OF VENUE — BIAS OF CITIZENS — DISCRETION OF COURT — APPEAL — ACTION TO ANNUL JUDGMENT. — In a criminal case in a justice's court, upon the affidavit of the defendant that he cannot have a fair and impartial trial in the township in which the action or proceeding is brought, it is not the imperative duty of the court to transfer the case to another township for trial, as it is for the court to determine from the facts stated in the affidavit whether the reasons given support the opinion of the defendant that he cannot have a fair and impartial trial, and for any abuse of discretion there is a

speedy and adequate remedy by appeal to the superior court; and there
being no want of jurisdiction, an action will not lie to annul and set aside
the judgment for refusal to grant such change of the place of trial.

ID. — JUDGMENT VOID IN PART — IMPRISONMENT FOR NON-PAYMENT OF
FINE — ANNULLING VOID PART OF JUDGMENT. — A judgment imposing
a fine and a fixed term of imprisonment, and providing also for enforce-
ment of the fine by further imprisonment in case the money be not paid,
is void as to the latter portion; but such defect does not render the whole
of the judgment void, and the portion providing for imprisonment for
non-payment of the fine will be stricken out in an action to annul the
judgment, leaving the remainder to stand, where no tenable ground ap-
pears for annulling the whole judgment.

PROCEEDING in the Supreme Court to set aside and
annul a judgment of a justice's court of Fresno County.
The facts are stated in the opinion of the court.

*Justin Jacobs*, for Petitioner.

*W. D. Tupper*, District Attorney, for Respondent.

PATERSON, J. — A complaint was filed in one of the
justices' courts of the county of Fresno, charging the
plaintiff with having committed the crime of battery.
Prior to the time the case was set for trial, the plaintiff
filed an affidavit, in which he set forth that he could not
have a fair and impartial trial by reason of the prejudice
of the citizens of that township. The cause of such
prejudice he alleged to be certain publications in the
newspapers of the township with reference to the facts,
or purported facts, of the case. A copy of the articles
referred to was set forth in the affidavit. The justice
denied the motion for a change of venue, the jury was
impaneled, the defendant was convicted, and a judgment
was entered against him that he be confined in the
county jail for the period of thirty days. The judgment
imposed a further penalty of two hundred dollars fine,
with the usual alternative of imprisonment in the county
jail until the fine be paid, at the rate of one day for every
dollar thereof.

This is a proceeding to annul and set aside the judg-
ment. It is claimed that the judgment is void for two

reasons: 1. Because the affidavit filed on motion for a change of venue ousted the justice's court of jurisdiction, —that it was the imperative duty of the court to transfer the case to another township for trial; 2. Because the court had no authority to add to the fixed period of imprisonment the alternative of imprisonment for non-payment of the fine imposed.

Section 1431 of the Penal Code provides that "if the action or proceeding is in a justice's court, a change of the place of trial may be had at any time before the trial commences; .... 2. When it appears from affidavits that the defendant cannot have a fair and impartial trial, by reason of the prejudice of the citizens of the township, the cause must be transferred to a justice of a township where the same prejudice does not exist." Under this provision, we do not think it was the imperative duty of the justice to transfer the case. In civil cases in justices' courts the legislature has provided that the place of trial may be changed " when either party makes and files an affidavit that he cannot have a fair and impartial trial on account of the bias or prejudice of the citizens of the township or city against him"; but in criminal cases the opinion of the defendant that he cannot have a fair and impartial trial is not sufficient. He must state the facts upon which he bases that opinion, and the court is then called upon to determine whether the reasons given support the conclusion. The justice is called upon to exercise his discretion. For any abuse of discretion the defendant has a speedy and adequate remedy by appeal to the superior court. If the justice has erred in this case we presume that the error will be corrected by the superior court. It is not a case of want of jurisdiction.

That portion of the judgment providing for a collection of the two hundred dollars fine by imprisonment in case the money be not paid is void. (*Ex parte Rosenheim*, 83 Cal. 388.) But the whole of the judgment is not void because of this defect.

It is ordered that there be stricken from the judgment that portion thereof which provides that "in case said fine be not paid within one hour from this time of rendering judgment, that you, the said George Lowrey, defendant, be imprisoned in the county jail of the county of Fresno, state of California, until the fine be duly satisfied in the proportion of one day's imprisonment for every dollar of the fine, or until lawful payment shall have been made of such proportion of said fine as shall not have been satisfied by imprisonment at the rate above prescribed."

SHARPSTEIN, J., WORKS, J., FOX, J., and McFARLAND, J., concurred.