[Crim. No. 377.   In Chambers.—December 21, 1897.]

Ex Parte WILLIAM WRIGHT on Habeas Corpus.

CRIMINAL LAW—JURISDICTION OF JUSTICE'S COURT—REFUSAL TO CHANGE PLACE OF TRIAL—AFFIDAVIT OF PREJUDICE AND BIAS—APPEAL—HABEAS CORPUS. A justice's court is not ousted of jurisdiction to try a defendant accused of misdemeanor by the mere filing of an affidavit of the defendant that he had reason to believe and did believe that he could not have a fair and impartial trial before the justice by reason of his prejudice and bias, and any error committed by the judge in refusing to change the place of trial on that ground, must be remedied by appeal from the judgment, which is not void, and *habeas corpus* does not lie.

APPLICATION to the Chief Justice for a writ of *habeas corpus* to the sheriff of Orange County, to test the jurisdiction of the Justice's Court of Santa Ana Township. George Huntington, Justice.

The facts are stated in the opinion.

Brooks & Trask, for Petitioner.

BEATTY, C. J.—Application for the writ of *habeas corpus* upon the ground that the justice of the peace, in whose court the

prisoner was convicted (by a jury) of a misdemeanor, was ousted of jurisdiction by the filing of an affidavit by defendant that he had reason to believe, and did believe, that he could not have a fair and impartial trial before said justice by reason of his prejudice and bias. (Pen. Code, sec. 1431, subd. 1.)

The refusal of the justice to change the place of trial may have been an error, and if so the prisoner has an ample remedy by appeal, but the justice did not exceed his jurisdiction in proceeding with the trial after overruling the motion for change of venue. (*Lowery v. Hogue*, 85 Cal. 600.) His judgment, therefore, is not void, and *habeas corpus* does not lie.

Writ denied.