[Civ. No. 853. Second Appellate District.—May 20, 1910.]

## T. J. MILES, Petitioner, v. JUSTICE'S COURT OF PASADENA TOWNSHIP, COUNTY OF LOS ANGELES, etc., Respondent.

CRIMINAL LAW—CHANGE OF VENUE IN JUSTICE'S COURT—CONSTRUCTION OF CODE.—Section 1431 of the Penal Code, relating to a change of venue in the justice's court in a criminal case, is not to be given the same effect as section 833 of the Code of Civil Procedure applicable to the civil actions therein.

ID.—AFFIDAVIT FOR BIAS AND PREJUDICE—JURISDICTION NOT OUSTED—POWER TO DETERMINE SUFFICIENCY OF REASONS—REMEDY BY APPEAL.—An affidavit for bias and prejudice does not *per se* oust the jurisdiction of the justice's court in a criminal case, but the court has power to determine the sufficiency of the reasons set forth, and for any error or abuse of discretion in passing thereon, the defendant has a speedy and adequate remedy by appeal.

ID.—OFFICE OF WRIT OF REVIEW.—The writ of review can only be granted where the inferior court has exceeded its jurisdiction and there is no appeal. The writ cannot be allowed to control discretion, nor to review mere errors in the exercise of jurisdiction.

ID.—JURISDICTION NOT EXCEEDED.—The justice of the peace did not exceed its jurisdiction, either in refusing to grant the motion for the change of venue or in proceeding to trial, after denying the same, or in determining the sufficiency of the evidence to support a conviction, or in charging the jury as to the law of the case, and any mere errors committed by the court in the exercise of its jurisdiction can be remedied only upon appeal.

APPLICATION for writ of review to justice's court of Pasadena Township, Los Angeles County.

The facts are stated in the opinion of the court.

Randall & Gaines, for Petitioner.

THE COURT.—It is alleged in the petitioner's affidavit that he was charged with the violation of an ordinance of Los Angeles county, claimed to have been committed in Los Nietos township in said county; that defendant was arrested and taken before a justice of the peace in and for Pasadena township, and his cause set down for trial; that petitioner filed an affidavit and motion for a change of venue on the

ground that the justice of the peace was biased and preju-
diced and interested against him, and he could not have a
fair and impartial trial before such justice; that expecting
said motion to be granted he did not prepare for trial at the
time set, which matter being brought to the attention of the
justice he refused, notwithstanding the acquiescence on the
part of the prosecuting officers, to continue the trial on ac-
count of the absence of the witnesses; that objection was
made to proceeding further with the trial because it was
claimed that the justice had lost jurisdiction by reason of the
affidavit, which objection the justice overruled. It is al-
leged further that upon the trial he was convicted without
the introduction of the evidence necessary in order to estab-
lish the offense, and that the court erred in giving certain
instructions to the jury; that at the conclusion of the trial
the jury found petitioner guilty; that from the judgment pro-
nounced upon such verdict the petitioner appealed to the
superior court of Los Angeles county; that upon the hearing
of such appeal the judgment was by the superior court af-
firmed; and this writ is sought to review and annul the judg-
ment of said justice.

The theory of petitioner is that the same effect should be
given to section 1431 of the Penal Code as is given to section
833 of the Code of Civil Procedure, namely, that upon the
filing of an affidavit showing bias and prejudice the justice
must transfer the cause, and that he is without jurisdiction
further to act. In the case of *Lowrey* v. *Hogue*, 85 Cal. 602,
[24 Pac. 995], a distinction is drawn by our supreme court
as between the two sections, and in which it is held that in a
criminal action upon the facts stated in the affidavit the court
is called upon to determine whether the reasons given support
the conclusion, and for any abuse of discretion shown in rela-
tion thereto the defendant has a speedy and adequate remedy
by an appeal to the superior court. In *Ex parte Wright*, 119
Cal. 401, [54 Pac. 639], a construction of section 1431 of the
Penal Code is given, in which it is said the refusal of the jus-
tice to change the place of trial may have been error, and,
if so, the prisoner has an ample remedy by appeal, but the
justice did not exceed his jurisdiction in proceeding to trial
after overruling the motion for a change of venue. This
writ of review can only be granted when an inferior tribunal

exercising judicial functions has exceeded its jurisdiction and there is no appeal. From the action of the court, either in passing upon the motion for a change of venue or in determining the sufficiency of the evidence to warrant a conviction, or in charging the jury as to the law of the case, the justice was acting within his jurisdiction, and for errors committed in its exercise this writ will not lie.

Writ denied.