STATE v. MORGAN, District Judge.

No. 2568.   Decided February 25, 1914 (140 Pac. 218).

JUSTICES OF THE PEACE—TRANSFER TO ANOTHER JUSTICE—EFFECT OF AFFIDAVIT OF PREJUDICE. Under Comp. Laws 1907, section 5132, relative to criminal cases before justices, providing that, where a defendant files an affidavit that he cannot have a fair trial before the justice, because of his bias or prejudice, the case must be transferred to another justice, the filing of a sufficient affidavit does not deprive the justice of jurisdiction, but his refusal of the change and proceeding with the trial is only error; so that, on appeal, the district court has jurisdiction, and, under sections 5165, 5167, should try the case *de novo*.[1]

*Mandamus* by the State against A. B. Morgan, District Judge.

WRIT ISSUED.

---

[1] State ex rel. Gallagher v. District Court, 36 Utah, 68, 104 Pac. 750.

*J. H. McDonald,* District Attorney, and *Grant C. Bagley,* County Attorney, for the State.

*Jacob Evans* for defendant.

STRAUP, J.

The Fourth Judicial District Court, on the alleged ground of want of jurisdiction, refuses to hear and try a case appealed to it from a justice court. We are asked by mandamus to direct him to hear it.

A complaint in a case wherein the State of Utah was plaintiff and one Dart defendant, charging him with a misdemeanor, was filed in a justice court of Utah County. He appeared in the action for arraignment, and stood mute. Upon the justice's direction, a plea of not guilty was entered for him. Then the defendant filed an affidavit for a change of venue on the ground of prejudice and bias of the justice, anl demanded the case be transferred to another justice of the county. The justice overruled the motion, and set the case for trial. The state put in its evidence and rested. The defendant offered none. The case was thereupon submitted for decision. The justice found the defendant guilty as charged in the complaint, and adjudged him to pay a fine of $150. From that judgment, the defendant prosecuted an appeal to the district court. The record was transmitted to that court, the case docketed, and the defendant there called for arraignment. He again stood mute. Again a plea of not guilty was entered for him. The case was set, and, when called for trial, the defendant moved a dismissal of the action on the ground that the justice had lost jurisdiction by the filing of the affidavit for a change of venue, and was without jurisdiction to thereafter hear the case and render a judgment; hence the district court acquired no jurisdiction by the appeal. The district court, holding with the defendant, refused to hear the case, dismissed the appeal, and remanded the case to the justice, with directions to transfer the case to another justice. So the state is here seeking by mandamus

to compel the district court to take jurisdiction and try the case on merits.

It is conceded the justice had jurisdiction of the offense charged and of the person of the defendant. The claim made is that he lost or was ousted of jurisdiction by the filing of the affidavit. The statute (Comp. Laws 1907, section 5132) provides:

"A change of the place of trial may be had at any time before the trial commences: (1) When the defendant files an affidavit in writing, stating that he has reason to believe, and does believe, that he cannot have a fair and impartial trial of the action before the justice about to try the same, by reason of the bias or prejudice of such justice, the action must be transferred to a justice of the county agreed upon by the parties, or, if there is no agreement, to the nearest justice within the county to which such objection does not apply."

The affidavit was merely in the language of the statute. Let it be conceded that that was all that was necessary. And let it further be conceded, as is also urged, that, when the affidavit was filed it was the duty of the justice to transfer the case. Still the question is: Did his ruling refusing to transfer it constitute mere error, or did the filing of the affidavit oust the court of jurisdiction to further proceed? The case of *Sate ex rel. Gallagher v. District Court,* 36 Utah, 68, 104 Pac. 750, is cited to support the latter contention, and it is claimed the ruling of the district court refusing to take jurisdiction was largely based upon that case. Different statutes (R. S. 1898, section 3669, as amended by Laws 1905, chap. 92, section 1, and section 3672) were involved in the Gallagher Case. They relate to a change of venue in civil actions before justice courts, and provide that, when an affidavit is filed as by that statute provided, the justice "must change the place of trial without motion being made therefor and *his jurisdiction over such action shall cease upon the filing of such affidavit for all purposes,"* except to transfer the case. We think the statutes are dissimilar. By the statutes involved in the Gallagher Case the legislature expressly declared that, upon the

filing of the affidavit, the jurisdiction of the justice "over such action shall cease for all purposes," except to transfer the case; and because of such express declaration was it held in that case that the filing of the affidavit ousted the justice of jurisdiction. The statute here under consideration contains no such declaration; but it is urged it nevertheless is mandatory, and that the filing of the affidavit thereunder had the same effect to oust the court of jurisdiction. To support that *Ex parte Justus,* 3 Okl. Cr. 111, 104 Pac. 933, 25 L. R. A. (N. S.) 483, is cited. That case so holds. It proceeds on the theory that a constitutional right was there denied the defendant. But on the same statute and in the same case a contrary conclusion was reached by the Kansas court. *In re Justice,* 65 Kan. 547, 70 Pac. 354. Said that court: The claim made

"is that, as the statute directs that the change of venue *must* be granted when the application is made in the form as therein indicated, upon the making of such application, the court lost jurisdiction of the case, and all acts of the court thereafter were wholly without warrant in law and void. We are not able to give our assent to this proposition. Undoubtedly it was error on the part of the district court of Kay County not to grant the change of venue as asked for; the application being in accordance with the requirements of the statute. For its refusal to do so the order would, beyond question, have been reversed upon proper proceedings to the higher court. Such refusal, however, was but error, and did not defeat or oust the court of jurisdiction."

There are cases supporting the view of the Oklahoma court; notably from the Missouri courts (*State v. Shipman,* 93 Mo. 147, 6 S. W. 97) and other courts. But we believe the greater number of cases and the weight of authority support the Kansas court. (*State of Iowa v. Heacock,* 106 Iowa, 191, 76 N. W. 654; *City of Ottumwa v. Schaub,* 52 Iowa, 515, 3 N. W. 529; *Peters v. Keoppe,* 156 Ind. 35, 59 N. E. 33; *Turner, Sheriff, v. Conkey,* 132 Ind. 248, 31 N. E. 777, 17 L. R. A. 509, 32 Am. St. Rep. 251; *Carrow v. People* 113 Ill. 550; *Cantwell v. People,* 138 Ill. 602, 28 N. E. 964; *Jahnke v. State,* 68 Neb. 154, 94 N. W. 158, 104 N. W. 154; *State v. Hawkins,* 23 Wash. 289, 63 Pac.

258; *Ex parte Wright,* 119 Cal. 401, 51 Pac. 639; *Lowrey v. Hogue,* 85 Cal. 600, 24 Pac. 995; *Miles v. Justice Court,* 13 Cal. App. 454, 110 Pac. 349.) True, the statute in some of those states, especially the California statute, somewhat differs from ours. The California statute is: "When it appears from the affidavit of the defendant that he has reasons to believe and does believe," etc. Ours: "When the defendant files an affidavit in writing stating he has reason to believe and does believe," etc. But both provide that, upon the affidavit, "the case must be transferred to another justice;" that is, both statutes provide that, when *the proper affidavit under the statute is filed,* "the case must be transferred to another justice." So, the provision requiring a transfer of the cause when the proper affidavit under the statute is made and filed is just as mandatory under the one as under the other statute. Nor does the California statute make the question of bias or prejudice of the justice issuable any more than does our statute. That question under both statutes must be determined "from the affidavit;" and, when a proper affidavit under the statute is made and filed—under the one "when it appears from the affidavit of the defendant that he has reason to believe and does believe," etc., under the other "when the defendant files an affidavit in writing stating that he has reason to believe and does believe," etc.— we do not see wherein the justice has any more discretion in the one than in the other to refuse to transfer the case, since both say he "must transfer the case." It is said that, under the California statute, the justice is required to determine the sufficiency of the affidavit and whether it is in compliance with the statute, something involving judicial discretion. As well say that of the Utah statute. If, under either, the applicant, by his affidavit, clearly establishes his ground, the justice has as much license in the one as in the other to declare the affidavit insufficient and not in compliance with the statute—to call white black and black white.

The truth is these statutes are mere venue statutes, and do not involve jurisdiction. When that is kept in mind, all is clear. Departing from it leads to confusion. Brown, in his

work on Jurisdiction (2d Ed.) section 25, puts the proposition right:

"These various matters mentioned above (disqualification of the judge, etc.) affect not the jurisdiction of the court, but incapacitates the court from disposing of the action differently. The better view of the matter is this, that when a court acquires jurisdiction of the subject-matter, and the parties to an action in a lawful manner, the jurisdiction cannot be ousted or lost by the erroneous exercise of the power conferred, and its judgment is not void."

And in section 97:

"The reader must discriminate between a simple erroneous construction of a statute, the erroneous admission of testimony, the erroneous instruction of a jury or the erroneous ruling on a demurrer, from the erroneous construction of a constitutional right and erroneous assumption of jurisdiction; the former being simply errors of law, the latter being jurisdictional. In the one case, the acts of the court are simply voidable; in the other, the error goes to the power of the court itself."

So does Mr. Justice Elliott, in *Turner, Sheriff, v. Conkey, supra*. He says:

"The statute invests justices of the peace with general authority to conduct preliminary examinations and to recognize accused persons to the court clothed with criminal jurisdiction. The authority is extended over a general subject, and in this instance the assumption of jurisdiction was legal, and there was no judgment beyond that jurisdiction; that is, there was no excess of jurisdiction. . . . As the sufficiency of an affidavit for a change of venue, as well as the question as to the time of filing and the like, are questions of procedure, it seems clear that such questions must be decided by the tribunal which rightfully entered upon the hearing of the case, and that whether such questions are rightly or wrongly decided does not affect the question of jurisdiction. A wrong decision may constitute error, but it does not destroy jurisdiction. It is quite clear that the refusal of a judge of a superior court to call in another judge does not destroy jurisdiction, although it may be a palpable wrong entitling the injured party to relief in a direct attack. There is no valid reason why the same rule should not apply to an inferior tribunal invested with authority over the general class of cases of which the particular case is a member. Mischievous consequences must necessarily result from the doctrine that a refusal to grant a change of justices, or of venue, takes away all jurisdiction and makes the proceeding void."

That is also the view taken by Chief Justice Beatty in *Ex parte Wright, supra.*

When a court of competent jurisdiction has legally acquired jurisdiction of subject-matter and of the parties, we never did take kindly to the proposition that its jurisdiction may be ousted by a flexible conscience of a suitor or retained by his wish. The justice here confessedly had jurisdiction of subject-matter—of the offense charged—and of the parties. After he acquired such jurisdiction, he was asked to transfer the case. He ought to have transferred it. He refused. In so ruling, he either misconceived or disregarded the statute under which the change was asked. Still, when a justice has legally acquired jurisdiction of subject-matter and of the parties, his jurisdiction, nevertheless, is not affected every time he thereafter misconstrues, misconceives, or misapplies a statute not involving subject-matter, jurisdiction, or parties, but mere procedure. The profession frequently has seen most ludicrous constructions and applications of statutes by justices in reaching conclusions in a case, and in some instances even a manifest disregard of law or evidence or both. Still the justice was within his jurisdiction. When a justice so acts, what is the remedy? Appeal. What, under the statute, is the scope of the appeal? A trial *de novo*. Comp. Laws 1907, sections 5165, 5167. And, since the justice here had jurisdiction of subject-matter and of the parties, jurisdiction to render the judgment which was rendered by him, the appeal conferred jurisdiction on the district court, not merely to review and correct errors, but to try the case *de novo*. That here is the district court's duty. The ruling which it made involved jurisdiction. It refused to assume or take jurisdiction when clearly the appeal conferred jurisdiction upon it.

So let the writ issue directing the district court to vacate the order of dismissal, to reinstate the case, set it for trial, and try it *de novo*. No costs.

McCARTY, C. J., and FRICK, J., concur.