[Civil No. 2174. Filed May 24, 1924.]

[225 Pac. 1110.]

FRED C. BOLEN, Justice of the Peace, East Phoenix Precinct, Maricopa County, Arizona, Appellant, v. J. M. QUIHUIZ, Appellee.

MANDAMUS — JUSTICE OF PEACE CANNOT BE COMPELLED TO TRANSFER CAUSE ON AFFIDAVIT OF BIAS AND PREJUDICE.—Under Pen. Code 1913, section 1314, justice of peace refusing to transfer criminal cause to adjoining precinct on defendant's affidavit as to justice's prejudice or bias does not deprive himself of future jurisdiction, and may not be compelled by *mandamus* to transfer cause; determination of question of bias and prejudice being judicial function, subject to correction on appeal.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Reversed and remanded with directions to dismiss.

Mr. Thos. J. Croaff, Mr. Herman Lewkowitz and Mr. Spencer B. Pugh, for Appellant.

Mr. J. C. Niles, for Appellee.

See 18 R. C. L. 299, 309.
See 26 Cyc. 173.

McALISTER, C. J.—This is an appeal from an order of the superior court of Maricopa county, granting a peremptory writ of *mandamus* directing appellant, Fred C. Bolen, justice of the peace of the East Phoenix precinct, to transfer to an adjoining precinct for trial a criminal cause pending in his court entitled, *"State of Arizona* v. *J. M. Quihuiz."* The defendant in that action, plaintiff-appellee in this, had filed his affidavit stating that he had reason to believe and did believe that he could not have a fair and impartial trial before appellant by reason of the bias and prejudice entertained by him towards the defendant, but appellant refused to transfer the cause, whereupon appellee sought and obtained a writ of *mandamus* compelling him to do so.

It is the contention of appellee that the filing of the affidavit divests appellant of jurisdiction to do anything further in the case than to transfer it "to the justice of an adjoining precinct" for trial, while appellant justifies his action denying the change upon these grounds: The affidavit did not state any facts upon which a finding of bias and prejudice could be based; whether right or wrong in his ruling on the affidavit, appellant's action did not deprive him of jurisdiction to proceed in the case, his ruling being a judicial act and not subject to control by *mandamus;* if error was committed, the remedy was by appeal.

The statute which authorizes a change in the place of trial and forms the basis of these respective contentions is section 1314, Penal Code 1913, and reads as follows:

"1314. If the action or proceedings is in a justice's court, a change of the place of trial may be had at any time before the trial commences:

"(1) When it appears from the affidavit of the defendant that he has reason to believe and does believe that he cannot have a fair and impartial trial before the justice about to try the case, by reason of the prejudice or bias of such justice, the cause

must be transferred to the justice of an adjoining precinct. Provided, that not more than one change of place of trial shall be allowed any defendant in any one case.

"(2) When it appears from affidavits that the defendant cannot have a fair and impartial trial, by reason of the prejudice of the citizens of the precinct, the cause must be transferred to a justice of a precinct where the same prejudice does not exist."

It will be observed that a change in the place of trial may be had when it appears that the defendant cannot have a fair and impartial trial because of the bias and prejudice of the justice about to try the case or of the prejudice of the citizens of the precinct, and the method by which this condition is made to appear is the affidavit of the defendant if the bias and prejudice relied on is that of the justice himself, and the affidavits of others or of himself and another or others, if it is the prejudice of the citizens of the precinct. In either case the existence of bias and prejudice must be made to appear to the one upon whom rests the duty of deciding whether the showing is sufficient, and, in accordance with the finding on this question, of making or denying the motion to transfer the cause. If the prejudice of the citizens of the precinct be the ground upon which the change is sought, the justice must determine whether the facts stated in the affidavits show that a fair and impartial trial cannot be had (*Lowrey* v. *Hogue,* 85 Cal. 600, 24 Pac. 995), but, if the bias and prejudice of the justice himself be the ground, appellee contends the same rule does not apply, because it was not intended that a person should pass upon his own state of mind. In fact he claims that the filing of such an affidavit *ipso facto* divests the court of all jurisdiction except to transfer the cause to an adjoining precinct; that is, that the mere imputation of bias and prejudice in the proper way is sufficient, proof thereof not being required. In support of this proposition

he cites *Stephens* v. *Stephens,* 17 Ariz. 306, 152 Pac.
164, a case involving an affidavit in the language of
the statute against a judge of the superior court.
The decision in that case, however, was. governed
by paragraph 500, Civil Code 1913, which makes it
the duty of the judge against whom such an affidavit
is filed to request a judge of some other superior
court to try the case for him, and in holding that this
provision limited his jurisdiction thereafter to this
one act the court said:

"So far as we have been able to discover, the
courts have uniformly held, where an affidavit of
bias and prejudice is in the language of the statute,
the presiding judge can perform no other function
in connection with the case other than to make an
order that the trial be had before another judge, as
provided by the statute. The truth of the affidavit
filed is not what disqualifies the judge, but the
affidavit itself."

The power of a superior judge in a criminal action
is similarly circumscribed when the defendant makes
such an affidavit, and supports it by the affidavits of
three resident electors. Section 999, Penal Code
1913. And the only jurisdiction a justice of the
peace has in a civil suit after a party to the cause
makes such an affidavit against him and supports it
"by the affidavit of two other credible persons of the
county" is to transfer the case to "the court of the
nearest justice of the peace within the county not
subject to the same or some other disqualifica-
tion." Paragraph 1292, R. S. (Civ. Code) 1913.
If section 1314, subdivision 1, *supra,* provided that
upon the filing of such an affidavit the case must be
transferred, the justice's jurisdiction thereunder
would likewise be limited to this one act but such is
not its language. It merely makes it the duty of the
justice to transfer the cause when his bias and preju-
dice to the extent of preventing the defendant from
having a fair and impartial trial appears from the

26 Ariz.—23

affidavit of the defendant. The term ''appears'' places upon the justice the necessity of determining this fact the same as it enjoins upon him the duty of passing upon the sufficiency of affidavits stating that the prejudice of the precinct stands in the way of a fair trial, and if he refuses to transfer the cause he does not thereby deprive himself of jurisdiction to proceed in the case, because the determination of the question whether bias and prejudice on his part to the extent indicated appears, even though it relates to his own state of mind, is a judicial function and necessarily beyond control by *mandamus*. It is not a ministerial ''act which the law enjoins as a duty resulting'' from the office of justice of the peace, but is a matter which the justice must decide from the facts alleged in the defendant's affidavit, and, if he does not exercise this discretion properly, his action does not affect the question of jurisdiction, but constitutes error subject to correction on appeal. Such is the construction the California courts place upon section 1431, Penal Code of that state, which was copied by the legislature of this state when it enacted paragraph 1314, *supra*. In *Miles* v. *Justice's Court of Pasadena*, 13 Cal. App. 454, 110 Pac. 349, the Court of Appeals of that state says:

''The theory of petitioner is that the same effect should be given to section 1431 of the Penal Code as is given to section 833 of the Code of Civil Procedure, namely, that upon the filing of an affidavit showing bias and prejudice the justice must transfer the cause, and that he is without jurisdiction further to act. In the case of *Lowrey* v. *Hogue*, 85 Cal. 602, 24 Pac. 995, a distinction is drawn by our Supreme Court as between the two sections, and in which it is held that in a criminal action upon the facts stated in the affidavit the court is called upon to determine whether the reasons given support the conclusion, and for any abuse of discretion shown in relation thereto the defendant has a speedy and adequate remedy by an appeal to the superior court. In

*Ex parte Wright,* 119 Cal. 401, 54 Pac. 639, a con- struction of section 1431 of the Penal Code is given, in which it is said the refusal of the justice to change the place of trial may have been error, and, if so, the prisoner has an ample remedy by appeal, but the justice did not exceed his jurisdiction in proceeding to trial after overruling the motion for a change of venue.''

And the Supreme Court of Utah, in construing a statute identical in language and meaning with 1314, *supra,* said in *State* v. *Morgan,* 44 Utah, 224, Ann Cas. 1916D, 1279, 140 Pac. 218:

''When a court of competent jurisdiction has legally acquired jurisdiction of subject matter and of the parties, we never did take kindly to the proposi- tion that its jurisdiction may be ousted by a flexible conscience of a suitor or retained by his wish. The justice here confessedly had jurisdiction of subject matter—of the offense charged—and of the parties. After he acquired such jurisdiction, he was asked to transfer the case. He ought to have transferred it. He refused. In so ruling, he either misconceived or disregarded the statute under which the change was asked. Still, when a justice has legally acquired jurisdiction of subject matter and of the parties, his jurisdiction, nevertheless, is not affected every time he thereafter misconstrues, misconceives, or misapplies a statute not involving subject matter, jurisdic- tion, or parties, but mere procedure. The profes- sion frequently has seen most ludicrous construc- tions and applications of statutes by justices in reaching conclusions in a case, and in some instances even a manifest disregard of law or evidence or both. Still the justice was within his jurisdiction. When a justice so acts, what is the remedy? Appeal. What, under the statute, is the scope of the appeal? A trial *de novo.*''

It follows that the writ of *mandamus* was improp- erly issued; hence, the judgment is reversed, and the cause remanded, with directions to the superior court to dismiss the action.

ROSS and LYMAN, JJ., concur.