[Cr. A. No. 513. Appellate Department, Superior Court, Los Angeles County.—December 8, 1930.]

THE PEOPLE, Respondent, v. R. P. RADICH, Appellant.

(1 Cal. Supp. 92).

D. Joseph Coyne for Appellant.

Buron Fitts, District Attorney, and Thomas F. O'Brien, Deputy District Attorney, for Respondent.

SHAW, J.—Defendant was convicted in a justice's court on a charge of theft. Before the trial began he filed and presented to the court a petition for change of venue and an affidavit in support thereof. One of the grounds for change of venue, as stated in the petition, was that the justice was so biased and prejudiced against defendant that he could not have a fair and impartial trial before said justice. Without the filing of any counter-affidavits the petition was denied.

One of the questions presented by this appeal is whether the case made by the petition is governed by section 170 of the Code of Civil Procedure or by section 1431 of the Penal Code, respondent contending that Code of Civil Procedure, section 170, which is the later enactment, has effected a repeal of Penal Code, section 1431, by implication. Code of Civil Procedure, section 170, as amended in 1929 (Stats. 1929, p. 958), provides that "no justice, judge or justice of the peace shall sit or act as such in any action or proceeding. . . .

"5. When it is made to appear probable that, by reason of bias or prejudice of such justice, judge or justice of the peace a fair and impartial trial cannot be had before him."

Penal Code, section 1431, which has not been amended since it was originally enacted in 1872, is directed by its context to criminal cases, and provides that "if the action or proceeding is in a justice's court, a change of the place of trial may be had at any time before the trial commences: 1. When it appears from the affidavit of the defendant that he has reason to believe, and does believe, that he cannot have a fair and impartial trial before the justice about to try the case, by reason of the prejudice or bias of such justice, the cause must be transferred to another justice of the same or an adjoining township".

The rule is well settled that repeals by implication are not favored. Also applicable here, since Code of Civil Procedure, section 170, is the more general provision, is the rule that "where two statutes treat of the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the latter, although later in date, will not be held to have repealed the former, but the special act will prevail in its application to the subject matter, so far as coming within its particular provision". (*Riley* v. *Forbes*, 193 Cal. 740, 745 [227 Pac. 768].) So far as concerns the right of appellant to a change of judges on the ground stated, the two code sections cited are entirely consistent. Moreover, Code of Civil Procedure, section 170, makes no provision for any procedure for claiming, in a criminal case in a justice's court, the right conferred by it, its procedural provisions being limited to courts of record, whereas Penal Code, section 1431, does provide a mode of proceeding. There being no inconsistency between the two sections, it is clear that Code of Civil Procedure, section 170, has not repealed Penal Code, section 1431, and the latter section is the one to be followed in all cases coming within its terms, of which this is one.

The mere filing of the papers above mentioned did not oust the court of jurisdiction or require the case to be transferred to another court (*Miles* v. *Justice's Court,* 13 Cal. App. 454 [110 Pac. 349]; *Lowry* v. *Hogue,* 85 Cal. 600 [24 Pac. 995]; *Ex parte Wright,* 119 Cal. 401 [51 Pac. 639]). The affidavit alone was insufficient, for while it stated defendant's belief that he could not have a fair and impartial trial, yet as a reason for this belief it merely stated the con-

clusion that the justice was prejudiced—a conclusion which the court must be able to draw from *facts* stated in support of it (*Lowrey* v. *Hogue, supra*). ▋ The petition itself, however, was verified, and is therefore to be regarded as an affidavit (1 Cal. Jur. 653). It does state certain facts which show bias and prejudice of the trial judge against defendant; e. g., that he called defendant a thief—the charge being theft. Since there was no affidavit disputing these statements, it was error to deny the petition for change of venue.

▋ At the trial it appeared that defendant had obtained money from the complaining witness by stating that a certain bill was paid and producing a receipt for such payment. It was also shown that he obtained the receipt by giving a check which was not honored because of insufficient funds in the bank on which it was drawn. Defendant testified that he thought he had sufficient funds in bank to pay the check. The court instructed the jury that "passing or writing checks without sufficient funds in the bank to cover said checks, unless an agreement is proved with the bank to honor overdraft checks, is theft". This was error. The crime of theft does not include the offense which the court attempted to state in this instruction. (Pen. Code, secs. 476a, 484.) They are distinct and separate offenses and a defendant charged with one cannot be convicted of the other. ▋ Moreover, it is necessary to a violation of Penal Code, section 476a, that there be an intent to defraud and a knowledge at the time of drawing or uttering the check that the drawer has not sufficient funds or credit to meet it, both of which factors were omitted from the instruction given. The jury may very well have convicted defendant because of this instruction.

The judgment is reversed and a new trial of the case in the superior court is ordered.

McLucas, P. J., and Bishop, J., concurred.