[Crim. No. 290. Fourth Appellate District.—September 6, 1935.]

In the Matter of the Application of PETER CASAS et al. for a Writ of Habeas Corpus.

David C. Marcus for Petitioners.

Earl Redwine, District Attorney, and Harry P. Amstutz, Deputy District Attorney, for Respondent.

MARKS, Acting P. J.—Petitioners are before this court on an original proceeding of *habeas corpus* to test the legality of. their confinement by the sheriff of Riverside County. · They were found guilty in the Justice's Court of Temescal Township, in Riverside County, of the offense of disturbing the peace and judgments were pronounced upon them. They twice appealed to the Superior Court of Riverside County. The judgments were affirmed as was an order denying their motions to vacate the judgments.

Petitioners present but two reasons for their release which it is necessary to consider here. They maintain, first, that no pleas were ever entered by them and, second, that as they filed affidavits under section 1431 of the Penal Code setting up bias and prejudice on the part of the justice of the peace of Temescal Township he was without jurisdiction to sit in the case.

The record shows that petitioners were represented in the justice's court by an attorney at law; that they were present in court and were duly arraigned; that their pleas of guilty were entered for them by their attorney.

 . They maintain that a plea of guilty cannot be entered by an attorney but must be entered by a defendant in person. In support of this contention they cite sections 977 and 1018 of the Penal Code and *In re Brain,* 70 Cal. App. 334 [233 Pac. 390].

Those two sections of the Penal Code are found in the chapters dealing with criminal procedure in superior courts and relate to that subject only and not to justices' courts. (*People* v. *Aymar,* 98 Cal. App. 1 [276 Pac. 595].) The manner of entering a plea in a criminal case in a justice's court is set forth in section 1429 of the Penal Code. That section, unlike section 1018 of the Penal Code, does not contain the provision that the plea of guilty can be entered by the defendant only. Section 1434 of the Penal Code provides that the defendant must be present before the trial can proceed. Section 1451 of the same code contains the provision that a new trial in a justice's court may be granted "when the trial has been had in the absence of the defendant, unless he voluntarily absent

himself, with full knowledge that a trial is being had''. Thus it would seem that it is only during the trial in a justice's court that the defendant should be personally present and that his absence from the trial is not always a ground for a reversal of the judgment. It is our conclusion that in a criminal case in a justice's court a defendant need not personally enter the plea of guilty but that his attorney may enter it for him. In the instant case petitioners were present sitting beside their attorney at the times he entered their pleas of guilty for them. Even though we had reached the conclusion that the defendants themselves should have entered their pleas, in the absence of an express statute requiring such pleas to be entered by the defendants personally, it should be held that they waived the error and by their conduct consented to the entry of the pleas by their attorney.

Petitioners rely on section 170 of the Code of Civil Procedure and *In re Cunha,* 123 Cal. App. 625 [11 Pac. (2d) 902, 18 Pac. (2d) 979], *Cadenasso* v. *Bank of Italy,* 214 Cal. 562 [6 Pac. (2d) 944], and *Briggs* v. *Superior Court,* 215 Cal. 336 [10 Pac. (2d) 1003], in support of their contention that the justice of the peace had no jurisdiction to sit in the case when an affidavit of prejudice was filed alleging that he was biased and prejudiced against them. The three cited cases were decided under the provisions of section 170 of the Code of Civil Procedure which does not apply to criminal cases in justices' courts. ■ In such cases the proceedings upon the filing of such affidavit are governed by section 1431 of the Penal Code. (*People* v. *Radich,* 111 Cal. App. 779 [294 Pac. 1].)

It seems to be settled that the filing of an affidavit of prejudice in a criminal case pending in a justice's court does not divest such court of its jurisdiction over the case and that defendants who are tried before the justice and convicted after the filing of such affidavit cannot be released on *habeas corpus.* (*Ex parte Wright,* 119 Cal. 401 [51 Pac. 639]; *Lowrey* v. *Hogue,* 85 Cal. 600 [24 Pac. 995]; *Miles* v. *Justice's Court,* 13 Cal. App. 454 [110 Pac. 349]; *People* v. *Radich, supra.*)

■ Petitioners were arrested, entered their pleas of guilty and were sentenced in November, 1934. They appealed from the judgments pronounced upon them, which were affirmed by the superior court of Riverside County. Subsequently, in March, 1935, petitioners moved in the Justice's Court of Temescal Township to vacate the judgments because of the

bias and prejudice of the justice of the peace. The motion was supported by affidavits of prejudice which were then filed for the first time. Section 1431 of the Penal Code provides that a change of the place of trial in a criminal case because of the bias and prejudice of the justice of the peace ''may be had at any time before the trial commences''. The question of bias and prejudice was raised entirely too late for the judgments to be attacked on that ground in a proceeding of this kind or at all. (*Ex parte Wright, supra; Bank of Italy* v. *Cadenasso*, 206 Cal. 436 [274 Pac. 534].)

█ It is well established that in a *habeas corpus* proceeding to test the validity of convictions in a criminal action the court issuing the writ will confine itself to an inquiry as to the jurisdiction of the court in which the judgments were pronounced and the regularity of the process under which petitioners were deprived of their liberty. (*In re Cutler*, 1 Cal. App. (2d) 273 [36 Pac. (2d) 441] ; *In re Gutierrez*, 1 Cal. App. (2d) 281 [36 Pac. (2d) 712].) Those cases and the authorities cited probably furnish us sufficient grounds for remanding the petitioners without consideration of the other questions we have discussed.

The writ is discharged and petitioners are remanded to the custody of the sheriff of Riverside County.

Jennings, J., concurred.

Barnard, P. J., being absent, did not participate in this decision.