[S. F. No. 12061. In Bank.—September 29, 1926.]

CITY OF VALLEJO (a Municipal Corporation), Petitioner, v. SUPERIOR COURT, etc., et al., Respondents.

[1] Disqualification of Judges—Interest in Result of Litigation —Notice.—In an action by a city to condemn land for the uses and purposes of the city, the fact that the plaintiff prior to the inception of the action had knowledge that the judge before whom the case was pending was a stockholder and director in a bank holding a deed of trust upon the property has no bearing upon the question of the disqualification of the judge to hear and determine the action, if in fact such disqualification existed.

[2] ID. — FAILURE TO MAKE BANK PARTY — IMMATERIALITY OF.—The fact that the plaintiff in such condemnation suit did not make a bank owning a deed of trust upon the property a party to the suit is not material to the question of the disqualification of the judge, as the bank had a present proprietary interest in the subject matter of the action which it had the right to have considered and determined therein.

[3] ID.—INTEREST OF BANK.—The interest of a bank owning and holding a deed of trust upon property sought to be condemned by a city for its uses is such as to create and constitute a disqualification of the judge before whom the action is pending, where the judge during the pendency of said action is a stockholder and director of the bank.

[4] ID. — APPEAL — JURISDICTION OF TRIAL COURT.—As the superior court, in such case, notwithstanding an appeal from the judgment, retains jurisdiction to hear and determine a motion for a new trial and all questions arising in proceedings independent of and collateral to the proceedings wherein the judgments or orders appealed from were given or made, the pendency of the appeal does not prevent the issuance of a writ of mandate to compel a transfer of the action to a court in which the judge is not disqualified.

[5] ID. — PROCEEDING FOR TRANSFER—TIME.—The proceeding to compel a transfer of such action is not too late where a motion for a new trial is pending before the disqualified judge.

---

(1) 33 · C. J., p. 995, n. 27.   (2) 33 C. J., p. 995, n. 27.   (3) 33 C. J., p. 995, n. 16.   (4) 38 C. J., p. 626, n. 55.   (5) 33 C. J., p. 1014, n. 51.

APPLICATION for a Writ of Mandate to require the transfer of an action on account of the disqualification of the judge.   Writ granted.

The facts are stated in the opinion of the court.

Preston & Duncan for Petitioner.

Frank L. Coombs, Nathan C. Coghlan and Nathan F. Coombs for Respondents.

RICHARDS, J.—The petitioner herein applies to this court for the issuance of a writ of mandate directed to the

---

3.   See 14 Cal. Jur. 811; 15 R. C. L. 529.
4.   See 20 Cal. Jur. 25.

Superior Court of the county of Napa and to the Honorable Percy S. King, as judge thereof, respondents herein, commanding said respondents to transfer the cause referred to in said application to another court the judge whereof is qualified to act in said cause, and for an order of this court restraining said Superior Court and the judge thereof from taking any other action or proceeding in said cause except the action of transferring the same as above prayed for; and for such other and further relief as may be meet in the premises. The facts upon which said application is predicated, and which are admitted except as otherwise herein noted in the answer of the respondents herein, are as follows: On the twenty-sixth day of May, 1925, the said City of Vallejo commenced an action against Eva Coghlan and John T. Vest to condemn for the uses and purposes of said city and the inhabitants thereof a tract of land consisting of 164.04 acres, of which the said Eva Coghlan was alleged to be the owner and the said John T. Vest the lessee; and also and on the same date commenced another action against the same defendants to condemn a right of way upon and across a certain larger tract of land owned and leased by the same defendants respectively, and of which the above smaller tract was a portion, both of said actions having for their purpose the establishment and maintenance of a reservoir for the impounding of waters for the public use of the City of Vallejo and its inhabitants. The summons in each of said actions was thereupon issued and served upon the defendants, who appeared and answered in each of said actions, which were thereafter consolidated and came on for trial before the said Superior Court, the said judge thereof and a jury on the ninth day of March, 1926. Upon the trial and submission thereof to the jury that body returned their verdict in each of said cases, by the terms of which they awarded to Eva Coghlan the sum of $45,000 as the value of the 164.04 acreage proposed to be taken, and the further sum of $20,000 damages for the severance of the same from the larger tract of land; and further awarded to the same defendant the sum of $10,000 as the value of the right of way sought to be condemned, and $15,000 as damages for the severance. The jury also awarded to her codefendant, John T. Vest, the sum of $2,000 as compensation for the loss of his leasehold interest in the said smaller tract and in the right

of way over the larger tract.   On April 5, 1926, the clerk of said court, in supposed response to said verdicts, entered a money judgment against said plaintiff and in favor of said Eva Coghlan for the sum of $90,000, and in favor of said John T. Vest for the sum of $2,000, said judgments, however, not having been signed or authorized by the judge of said court.   Thereafter and on the ninth day of April, 1926, the judge of said court signed and caused to be filed a document entitled "Interlocutory Decree," wherein there was recited and set forth the verdicts returned by the jury in said consolidated actions and wherein also the judge of said court found and decreed that the plaintiff should take, acquire and have for the aforesaid uses the said lands and right of way so condemned and should pay to the said defendants the respective amounts awarded by the terms of said verdicts. The said judge, while adopting said verdicts of the jury in its said decree, filed no other or further findings of fact or conclusions of law in said actions, or either of them, except such as are embraced in said decree.   During the progress of the actual trial of said actions the defendant Eva Coghlan had filed, by leave of the court, an amended answer setting forth the fact that the Bank of Napa, a banking corporation, having its principal place of business in the City of Napa, was the owner and holder of a deed of trust, covering the property sought to be condemned and affected by such condemnation, to secure the payment of a promissory note for the sum of $18,900, which deed of trust and note bore the date of July 15, 1924, as that of their execution, and which note was payable eighteen months after its said date, and was therefore, at the time said amended answer was filed, overdue.   The petitioner herein alleges that neither the said plaintiff nor its attorneys or agents had any knowledge or actual notice of the existence of said deed of trust or of the note secured thereby, other than such constructive notice thereof as is imparted to the world by the recordation of said trust deed, prior to the fourteenth day of April, 1926; and further alleges that on said last-named date said plaintiff, City of Vallejo, through its attorneys, discovered for the first time that the Honorable Percy S. King, judge of said court, was a stockholder and director of and in the said Bank of Napa and had been such for a long period of years prior to said April 14, 1926, and still continued so to

be. That on the fifteenth day of April, 1926, the said plaintiff, City of Vallejo, through its attorneys, duly served and filed its notice of intention to move for a new trial in said actions, specifying that the same would be made upon each and all of the grounds set forth in the Code of Civil Procedure regulating such matters, and stating that the same would be made upon the minutes of the court and also upon affidavits to be thereafter prepared and filed. The said plaintiff also and on the same date served and filed a verified petition in said actions, setting forth the facts as above recited with respect to the ownership and holding of said deed of trust by said Bank of Napa, and also in respect to the relation of the judge of said court to said Bank of Napa as a stockholder and director therein, upon the basis of which averments as embraced in its said verified petition the said plaintiff asserted therein that the said judge of said court was disqualified to sit or act in said cases because of his interest therein under section 170, subdivision 1 of the Code of Civil Procedure. The said plaintiff further and on the same date served and filed its motion to vacate and set aside the judgment or decree theretofore given, made and entered in said actions, basing the same upon the foregoing alleged facts as showing the disqualification of the judge of said court to give, make or enter the said judgments, and making the same upon all the papers, records and files in said action and upon certain affidavits setting forth the foregoing facts then presented and filed. The date noticed for the hearing of said last-named motion was that of April 20, 1926. Upon said date said matter came on for hearing before said court, the Honorable Percy S. King presiding. At said time the said plaintiff further presented to said court and the judge thereof its formal motion for a change of the place of trial of said actions upon the ground that the said judge of said court was disqualified by reason of his said interest to sit or act in said cases or in any further proceedings therein, which said motion was accompanied with a demand for a change of place of trial of said actions as provided in the Code of Civil Procedure; and also with an affidavit setting forth the foregoing facts. Upon the hearing of the several matters the defendants in said actions presented their opposition thereto in the form of affidavits and other evidence, wherein they denied the plaintiff's repeated

assertion that it and its attorneys and agents did not have actual knowledge and notice of the fact that the said Bank of Napa was the owner and holder of said deed of trust and promissory note prior to the asserted date; and in that behalf the defendants averred and deposed that the said plaintiff, its counsel and agents, did in fact have and possess full knowledge and notice thereof prior to the date of its commencement of said actions.  The said defendants further denied that the said plaintiff, its counsel and agents, did not have notice and knowledge of the fact that the judge of said court was a stockholder and director in said Bank of Napa prior to its alleged date of discovery of the same, but, on the contrary, the said defendants averred and deposed that full knowledge of the fact of the said relationship of the judge of said court to said bank was possessed by said plaintiff, its counsel and agents from a time prior to the commencement of said actions and at all times thereafter. The said defendants did not, however, deny, nor do the respondents herein now deny, the facts regarding the ownership and holding of said deed of trust and promissory note by said bank, nor did the defendants therein nor do the respondents now deny the fact to be that during all of the times mentioned the said judge of said court was and still continues to be a stockholder and director in said bank.  The said several motions and matters came on for hearing before said court and the said judge thereof on the date set therefor and were then heard and evidence taken and were continued for further action until April 26, 1926, at which time the said judge of said court denied the said plaintiff's motion for change of place of trial and announced his readiness to proceed to hear the plaintiff's motion to vacate and set aside said judgment, and also to hear the said plaintiff's motion for a new trial.  The plaintiff thereupon duly excepted to the order denying its said motion for change of place of trial and objected to said judge sitting or acting further in said causes upon the ground of his disqualification.  The court overruled said objection, whereupon the plaintiff, after noting its exception thereto, presented its motion to vacate and set aside said judgments upon the aforesaid ground of the interest and disqualification of said judge.  The judge denied said motion; whereupon the instant proceeding was commenced alleging that said proceedings on its motion for a

new trial are still pending before said court and said judge and that the latter threatens to proceed to hear and determine the same and will also permit execution to be issued upon said judgments unless the said judge is restrained from so doing by this court and is commanded to transfer said causes to another county and to the court of a qualified judge for further proceedings therein; and for such other and further relief as it may appear to be entitled upon a hearing hereon.

The respondents to the petition herein have filed an answer thereto, containing various denials of the averments thereof other than those above referred to. We do not, however, deem these to be material as presenting any issues of fact which would require a reference herein, since the said denials do not embrace any denial of the fact that the said Bank of Napa was, from a date prior to the commencement of these actions, the owner and holder of the trust deed and promissory note above referred to; nor of the fact that the respondent the Honorable Percy S. King, as judge of said respondent court, was during all of the times mentioned in said petition and still continues to be a stockholder and director in said bank. The questions of law presented in this proceeding arise out of the last above-mentioned facts, the existence of which is not controverted, and out of the plaintiff's alleged knowledge of their existence and action in the light of such knowledge as of a time prior to the inception of these actions and as of a time during the proceedings therein up to and including the making and entry of the judgments or decrees therein. Dealing with the second of these questions first in the orderly course of this decision it may be assumed for the purposes thereof that the plaintiff did sufficiently know of the existence of the deed of trust owned and held by the Bank of Napa and of the promissory note which the same secured prior to the inception of said actions and during the entire course of the proceedings therein; and it may also be assumed to be a fact that the plaintiff sufficiently knew of the relationship sustained by the judge of said court to said Bank of Napa during all of said time. [1] Would such a knowledge of these facts have any bearing upon the question of the disqualification of the judge to hear and determine said action if in fact such disqualification at all times existed by virtue of the

foregoing facts? We are constrained to hold that they would not, basing our holding thereon upon the decision of this court in the case of *Lindsay-Strathmore Irr. District* v. *Superior Court,* 182 Cal. 315 [187 Pac. 1056]. The basis upon which the reasoning of the court in that case rests for its conclusion that under the provisions of section 170 of the Code of Civil Procedure no estoppel can be created at least prior to final judgment in an action to which the judge is a party or in which he is interested, is that set forth in the case of *Oakley* v. *Aspinwall,* 3 N. Y. 547, which this court quoted with express approval and which in terms is as follows: "But where no jurisdiction exists by law it cannot be conferred by consent—especially against the prohibitions of a law which was not designed merely for the protection of the party to a suit, but for the general interests of justice. It is the design of the law to maintain the purity and impartiality of the courts, and to insure for their decisions the respect and confidence of the community. Their judgments become precedents which control the determination of subsequent cases; and it is important, in that respect, that their decisions should be free from all bias. After securing wisdom and impartiality in their judgments, it is of great importance that the courts should be free from reproach or the suspicion of unfairness. The party may be interested only that his particular suit should be justly determined; but the state, the community, is concerned not only for that, but that the judiciary shall enjoy an elevated rank in the estimation of mankind." It will be seen that the foregoing language thus adopted and approved by this court must be given application not only to a case wherein the party seeking to benefit by its application had knowledge of the judge's disqualification as of a time even before the inception of the action, but it must also be given application to a case wherein during the course of the proceedings therein before such disqualification, such party has obtained some benefit or advantage through the making by such judge of orders the effect of which was to confer such benefit or advantage; as in the present case the making of the order bearing the date of August 7, 1925, permitting the plaintiff to have and take immediate possession of the right of way sought to be condemned in the second of its said actions; and the acts of the plaintiff in taking and since holding

possession of said right of way under and by virtue of such order. If this court should in the instant proceeding find itself constrained to hold that under the facts as presented herein the judge of said trial court was from a time prior to the inception of said actions and at all times thereafter disqualified to sit or act in said causes otherwise than for the limited purpose of making an order or orders for the transfer thereof to a court and before a judge wherein such disqualification did not exist, the order which this court would make in the premises would be effective to render nugatory all orders having other than such limited effect made or entered by the action of such disqualified judge, and leave the parties to their remedies as a result thereof. Having thus disposed of the second of the two questions presented upon the face of this proceeding, we shall now address ourselves to the first and main problem advanced herein and which depends for its solution upon the practically undisputed facts embraced in the record herein. When the City of Vallejo commenced each of the two actions involved in this inquiry against the owner of the premises described therein it is a conceded fact that the Bank of Napa, a banking corporation, was the owner and holder of the deed of trust above referred to covering the whole of the lands and premises affected by said condemnation suits and each of them as security for the payment of a large indebtedness due and overdue from the owner thereof to said bank and evidenced by her promissory note owned and held by said bank. [2] The said plaintiff did not at the inception of said actions make said bank a party thereto. We do not, however, regard this fact as material to the present inquiry. Under the provisions of section 1246 of the Code of Civil Procedure ''all persons . . . having or claiming an interest in any of the property described in the complaint, or in the damages for the taking thereof, though not named, may appear, plead and defend, each in respect to his own property or interest, or that claimed by him, in like manner as if named in the complaint.'' It thus appears that the Bank of Napa, as the owner and holder of the deed of trust covering the whole of the property affected by said actions, a valuable portion of which was sought to be segregated and taken as a result thereof, had at all times a present proprietary interest in the subject matter of each of said actions,

and which it had, under the aforesaid provisions of the code, a present right to have considered and determined in said actions and each of them. Under the provisions of section 1248 of the Code of Civil Procedure, when property encumbered by a mortgage or other lien is sought to be taken and the indebtedness thus secured is not due the court is empowered to deal with such a situation by deducting the amount of the debt from the judgment and continuing the lien upon the property taken until the indebtedness is paid. If, however, as in the instant case, the indebtedness secured by the mortgage or trust deed is due and overdue, the creditor holding such security would be entitled to have the money awarded to his debtor in such condemnation proceedings applied to the payment of his claim. (2 Jones on Mortgages [7th ed.], sec. 681a.) The foregoing principle is given apt application in the case of *Los Angeles Trust & Savings Bank* v. *Bortenstein,* 47 Cal. App. 421 [190 Pac. 850], wherein that court says: "It is a well recognized rule of equity, based upon the doctrine of equitable conversion, that when land is taken for public use, the money awarded for such land remains, and is to be considered as land in respect to all rights and interests relating thereto. The money, in such cases, is deemed to represent the land, and is applied in equity to discharge the liens upon it, precisely in accordance with the legal or equitable rights of creditors or encumbrancers in respect to such land." And the court further aptly says: "It is a fair inference from the averments of the complaint, the allegations of which are admitted by Bortenstein's default, that the damages awarded by the court in the action against the city were not limited to Bortenstein's interest, which was that of an owner of land subject to a mortgage, but covered all the damage done by the flood to the freehold. Therefore, the money so awarded by the court as damages to the realty must be treated, in equity, as the land itself. It takes the place of the reduced value of the land. The mortgaged land, in its present damaged condition, together with such portion of all the moneys awarded for the total injury as represents the damage to the mortgaged premises, stand now in the place and stead of the original uninjured mortgaged premises. (*Bank of Auburn* v. *Roberts,* 45 Barb. [N. Y.] 407; id., 44 N. Y. 192.)" The case of *Rose* v. *Conlin,* 52 Cal. App. 225 [198 Pac. 653],

while based upon a different state of facts, contains nothing in opposition to but much in support of the foregoing views. We deem no further citation of authority necessary to show that the interest which the Bank of Napa had at all times in these two actions, both prior to and during the pendency thereof, and still has therein, is as much that of a present and proprietary interest in the premises involved therein and in any judgment or order or other action had or taken by the court in which such actions were pending or by the judge thereof, affecting such premises and the rights of its debtor, and hence of itself therein, as though said Bank of Napa had been at all times during the pendency and progress of said actions, or either of them, a party therein.

[3] Having arrived at this conclusion, the next question which arises is as to whether the above-described interest of the Bank of Napa in the properties involved in each of said actions is to be regarded as such an interest as would create and constitute a disqualification of the judge of the court in which such actions were and are pending in the presence of the conceded fact that such judge was, prior to and at all times during the pendency of said actions, and still is, a stockholder and director in said bank. To this inquiry there seems to us but one reply. The rule declared by this court in the case of *Adams* v. *Minor,* 121 Cal. 372 [53 Pac. 815], to the effect that the judge who is a stockholder in a bank which is a party to an action involving the validity of the bonds of an irrigation district, a portion of which is held by said bank, is an "interested" party within the meaning of section 170 of the Code of Civil Procedure has been consistently adhered to in the later and recent decisions of this court. (*Hall* v. *Superior Court,* 198 Cal. 373 [245 Pac. 814]; *Lindsay-Strathmore Irr. Dist.* v. *Superior Court, supra,* and cases cited.) In the face of these authorities we are constrained to hold that the interest of the respondent judge herein in these actions arising out of his relation to said bank was at all times during the pendency thereof and still is such as to bring him within the disqualification to sit or act therein defined in section 170, subdivision 1, of the Code of Civil Procedure. It follows necessarily that whatever action, orders or judgments have been taken, made, given or entered by said judge in said actions, or either of them, during the existence of such disqualification, the same

and each of them were, are and continue to be wholly void. (*Lindsay-Strathmore Irr. Dist.* v. *Superior Court, supra.*)

[4] The respondents, however, contend that the writ sought herein should not issue for the reason that the plaintiff in said actions and petitioner herein has taken and perfected an appeal from the judgments rendered and entered therein, and that the Superior Court has thereby been bereft of jurisdiction over said causes, and each of them, and hence could not be commanded to make any order whatever therein. There is no merit in this contention. The Superior Court, notwithstanding such appeal, retained jurisdiction under the express terms of the statute to hear and determine motions for a new trial, and also to hear and determine all questions arising in proceedings independent of and collateral to the proceedings wherein the judgments or orders appealed from were given or made. Possessing such jurisdiction the trial judge of necessity also possesses the power of determining his own disqualification to sit or act in all such proceedings as are not involved in such appeals, and upon such disqualification being established, is bound to the duty of sitting and acting in such causes no further than to make and enter an order or orders for their transfer to another court in conformity with the provisions of section 398 of the Code of Civil Procedure.

[5] The respondents make the further contention that the plaintiff's motion for such transfer came too late, but this contention is answered by our decision in the case of *Finn* v. *Spagnoli,* 67 Cal. 330 [7 Pac. 746], wherein the motion for transfer under the foregoing code section was made after judgment and while a motion for new trial was pending before the disqualified judge. In the case of *Lindsay-Strathmore Irr. Dist.* v. *Superior Court, supra,* the disqualification of the trial judge was not asserted until the cause had been tried and the findings of fact and conclusions of law signed and filed by the trial judge; nevertheless the writ of prohibition issued commanding said judge to refrain from proceeding further with said cause. For the like reason a writ should issue in the instant proceeding embracing a similar prohibition, coupled with the command directed to the respondent judge herein to perform the duty enjoined upon him by the terms of section 398 of the Code of Civil Procedure by the entry of an order transferring

said actions and each of them to the nearest or most accessible court where the like cause for making such order does not exist, unless within thirty days after the going down of the *remittitur* the parties agree upon a court as provided in section 398 of the Code of Civil Procedure or agree that the Governor designate a qualified judge to try the cause in Napa County as authorized by section 8 of article VI of the constitution.

Let such writ accordingly issue.

Shenk, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.