[S. F. No. 11861. In Bank.—February 6, 1929.]

BANK OF ITALY (a Corporation), Respondent, v. E. N. CADENASSO et al., Copartners, etc., Appellants.

Frank J. Solinsky and Edward R. Solinsky for Appellants.

Louis Ferrari and J. J. Posner for Respondent.

SEAWELL, J.—This motion is before us pursuant to a notice of motion given by appellants to respondent that appellants would move thereafter, on a day certain, to vacate and set aside the judgment of the superior court appealed from, and also the decision and order of department one of this court affirming said judgment made and entered some twelve days prior to the date of said notice of motion to vacate and set aside as aforesaid. Said judgment appealed from was entered more than three years before this proceeding was initiated. The ground upon which the motion was noticed to be made and upon which it was subsequently made, was that the judgment of the lower court was void because of the disqualification of the judge who

tried said cause and that the department decision and order of this court were accordingly void.

The disqualification of said trial judge is based upon affidavits, which are not disputed, wherein it is averred that during all the time he presided at the trial of said cause, including the entry of judgment therein, he was, and for a number of years prior thereto had been, the holder and owner of shares of the capital stock of respondent, Bank of Italy. It is insisted that said ownership of shares of stock of said bank brings him directly and squarely within the inhibitory clauses of section 170, subdivision 1 of the Code of Civil Procedure, as interpreted by this court in *City of Vallejo* v. *Superior Court,* 199 Cal. 408 [249 Pac. 1084]; *Adams* v. *Minor,* 121 Cal. 372 [53 Pac. 815]; *Hall* v. *Superior Court,* 198 Cal. 373 [245 Pac. 814]; *Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315 [187 Pac. 1056], and other cases. In *City of Vallejo* v. *Superior Court, supra,* it is said that *Adams* v. *Minor, supra,* and other cited cases are conclusive on the question that a judge who is a stockholder in a bank which is a party to an action is an "interested" party within the meaning of section 170 of the Code of Civil Procedure, and is, therefore, disqualified from sitting or acting in said case. It is further held that whatever action, orders or judgments have been made or entered by said judge during the existence of such disqualification are and continue to be void.

Granting, without deciding, that the judgment herein assailed is void, it may not be attacked in this court in the proceeding which appellants have adopted. No question of disqualification of the trial judge was raised in the trial court or in this court upon appeal, or at all until after the affirmance of said judgment. While it is sometimes stated in general terms that a void judgment may be attacked anywhere, directly or collaterally, this does not mean that courts of appellate jurisdiction will assume the functions of courts of equity or *nisi prius* courts and hear and decide questions of law and fact which were neither raised in the trial court nor presented to the appellate court by the record on appeal. Counsel quotes authority to the effect that the affirmance of a void judgment upon appeal imparts no validity to the judgment, but is itself void by reason of the nullity of the judgment appealed from. (*Pioneer Land*

*Co.* v. *Maddux,* 109 Cal. 633 [50 Am. St. Rep. 67, 42 Pac. 295].) All that the court meant to say is that the affirmance of a void judgment by this court does not bar the right of an aggrieved party to thereafter attack it on the ground that it is void. The judgment before us is not void upon its face. Every presumption of its validity must be indulged. It is, therefore, incumbent upon the party asserting its invalidity to establish it before said judgment will be deemed void. This done, every act which followed as an incident of said judgment, including the order of affirmance, falls with it.

It will not be contended that this court upon a rehearing will entertain a motion to vacate a judgment regular upon its face on the ground of the disqualification of the trial judge, where no such question was raised in the trial court and the record on appeal is absolutely silent on the subject.

Courts of equity offer plain, speedy and adequate relief against the evil effects that may flow from void judgments. Such courts may grant injunctive relief if the exigencies of the situation would seem to so require. The proper forum for the determination of the issues sought to be raised by the motion herein is the superior court, where the action was brought or another court of like jurisdiction and not an appellate court which performed its function within its jurisdiction by passing upon questions presented to it upon the appeal.

The direct method open to appellants is so thoroughly established as not to require a citation of authority to guide them.

Motion denied.

Richards, J., Waste, C. J., Shenk, J., and Curtis, J., concurred.