[S. F. No. 13579. In Bank.—January 14, 1932.]

E. N. CADENASSO et al., Appellants, v. BANK OF ITALY (a Corporation) et al., Respondents.

F. J. Solinsky, Edw. R. Solinsky and Robert E. Hatch for Appellants.

Louis Ferrari and J. J. Posner for Respondents.

CURTIS, J.—Appeal from judgment in favor of defendants after order sustaining demurrer to plaintiff's complaint without leave to amend.

The complaint in substance states that on September 7, 1923, the Bank of Italy brought suit in the Superior Court of the City and County of San Francisco against the plaintiffs in this action to recover certain sums of money claimed by said bank to have been received by the plaintiffs in this action for and on behalf of said bank. The action was tried by the court without a jury, and resulted in a judgment in favor of the bank and against the plaintiffs herein in the sum of $5,000. From this judgment the plaintiffs in this action appealed to the Supreme Court, where the judgment was affirmed on October 18, 1928, by Department One of said court. On the same day the plaintiffs herein learned for the first time that at all times during the pendency of said action in the trial court, the judge thereof who tried said action and rendered said judgment was a stockholder of the plaintiff in said action, the Bank of Italy, and by reason thereof was disqualified from acting as a judge in said action. Within a few days after acquiring knowledge of the disqualification of said judge, the plaintiffs herein filed their petition to the Supreme Court asking for a hearing in bank of said cause, and at the same time filed a motion in the Supreme Court to vacate said judgment upon the ground of the disqualification of the trial judge. This court granted said petition for a hearing in bank and set the case for hearing on its merits and the motion to vacate

said judgment down for argument. After argument this court affirmed the judgment of the trial court and denied the motion to vacate the judgment. (*Bank of Italy* v. *Cadenasso*, 206 Cal. 428 [270 Pac. 931]; Id., 206 Cal. 436 [274 Pac. 534].) The opinion in each of these matters was rendered on February 6, 1929. The plaintiffs herein filed no petition in this court for a rehearing of either of said matters, but on February 21, 1929, instituted in the Superior Court of the City and County of San Francisco this action to vacate said judgment on the ground of the disqualification of the trial judge to act in the action in which said judgment was rendered. A copy of the opinion of this court denying the motion of the plaintiffs herein to vacate said judgment was attached to and made a part of the complaint filed in this action. In that opinion this court, in passing upon the motion to vacate the judgment in the former suit, said: "The proper forum for the determination of the issues sought to be raised by the motion herein is the superior court, where the action was brought or another court of like jurisdiction and not an appellate court which performed its function within its jurisdiction by passing upon questions presented to it upon the appeal." The defendants appeared in the present action and filed a general demurrer to said complaint, which demurrer the trial court sustained without leave to amend and thereupon entered judgment in favor of the defendants. From the judgment so entered this appeal is prosecuted.

On this appeal the plaintiffs contend that they have followed the procedure suggested by the court in its opinion denying the motion to vacate the judgment made in the Supreme Court and that the complaint filed by them in the superior court states a good cause of action against the defendants entitling them to a judgment vacating the judgment in the former action.

In support of the sufficiency of their complaint herein, they contend that the judgment in the former action is void for the reason that the judge rendering it was disqualified from acting in said action by reason of the fact that he was a stockholder of the Bank of Italy, the plaintiff in said former action. They rely upon the following decisions of this court: *Lindsay-Strathmore Irr. Dist.* v. *Superior Court*, 182 Cal. 315 [187 Pac. 1056, 1063]; *City of*

*Vallejo* v. *Superior Court*, 199 Cal. 408 [249 Pac. 1084]. Undoubtedly these decisions tend to support the contention of the plaintiffs.

While not admitting the contention of the plaintiffs just stated, the defendants seek to support the judgment of the trial court upon various grounds. ■ The first of these we will consider is that the plaintiffs in this action have waived their right to have the judgment in the prior action vacated. According to the complaint the plaintiffs first knew of the disqualification of the trial judge on October 18, 1928, the date of the first decision of this court affirming said prior judgment. They did not commence this action for over four months thereafter, but filed a petition and obtained a rehearing in the former action, and after the rehearing was granted they argued the case in this court and endeavored to secure a reversal of said former judgment. As already noted, plaintiffs at the time they filed their petition for a rehearing, also filed their motion to vacate the former judgment upon the ground of the disqualification of the trial judge. Upon the rehearing being granted, this court considered at the same time the appeal upon its merits and plaintiffs' motion to vacate said judgment, and thereafter affirmed the judgment and denied plaintiffs' motion to vacate the same. These facts show that plaintiffs at the very first opportunity, and within a few days after receiving knowledge of the trial judge's disqualification, took steps to have the judgment vacated. The fact that they mistook the forum in which to initiate said proceedings, while rendering said proceedings ineffectual would not in any sense indicate that they intended to waive their right to have said judgment vacated. In fact, it shows directly to the contrary. Neither would the further fact, in our opinion, that they asked for a rehearing of our decision affirming said judgment constitute a waiver of their right to have said judgment vacated. We must, in passing upon this question, take into consideration all the acts of plaintiffs taken in this and the former action to determine whether they waived their right to have said judgment vacated, and when we do so we are convinced that they are not sufficient to show any waiver. It is true that this action was not commenced until four months after the plaintiffs gained knowledge of the disqualification of the

trial judge, but when we take into consideration the other steps taken by plaintiffs to vacate said judgment, we cannot say that plaintiffs have not acted with due diligence in the institution of this action. The only authorities cited by the defendants tending to show that the plaintiffs have not acted with due diligence in this matter are *Rudy* v. *Slotwinsky*, 73 Cal. App. 459 [238 Pac. 783], and *People* v. *Davis*, 143 Cal. 673 [77 Pac. 651]. These cases hold generally that in actions to vacate a judgment the moving party must exercise due diligence in invoking the aid of a court of equity for relief from the judgment. In the first of these two actions the plaintiffs therein waited over two years and three months after their default before taking any action to have the same set aside. In the other action eight years elapsed between the default of the defendant and the motion of his successor in interest to have the same set aside. In each case the court held that the moving party had failed to exercise due diligence in invoking the aid of the court. These cases should not control the decision in the present action in view of the facts and circumstances related above.

 Furthermore, it is expressly held in the Lindsay-Strathmore case, quoting with approval from the case of *Johnson* v. *German etc. Co.*, 150 Cal. 336, 339 [88 Pac. 985], "any act of a disqualified judge in violation of the provisions of the statute (sec. 170, Code Civ. Proc.) is absolutely void wherever brought in question". It is further held in the same case (Lindsay-Strathmore case, p. 333): "It is also the uniform rule under these statutes, that where such disqualification exists, consent of the parties cannot impart validity to the proceedings and that a party to the action who desires to attack them is not estopped from doing so by the fact that he attended during the trial without raising the objection. (Citing authorities.)" In the case of *City of Vallejo* v. *Superior Court, supra,* this court on page 418 of the opinion said: "In the face of these authorities we are constrained to hold that the interest of the respondent judge herein (ownership of stock in a bank interested in the litigation) in these actions arising out of his relation to said bank was at all times during the pendency thereof and still is such as to bring him within the disqualification to sit or act therein defined in section 170, subdivision 1, of the Code of Civil Procedure. It follows necessarily that what-

ever action, orders or judgment may have been taken, made, given or entered by said judge in said actions, or either of them, during the existence of such disqualification, the same and each of them were, are and continue to be wholly void. (*Lindsay-Strathmore Irr. Dist.* v. *Superior Court, supra.*)'' These authorities are a conclusive answer to the contention of the defendants herein that the plaintiffs have waived their right to attack the judgment in the former action by asking for a rehearing and after securing the same re-arguing the case before this court. The effect of the holding in these cases is that said judgment is wholly void, and that no estoppel or waiver may be imputed to plaintiffs by reason of their efforts to secure a reversal of said judgment after knowledge of the disqualification of the trial judge.

Defendants further contend in support of the judgment in the present action that the complaint herein fails to state a cause of action in that it contains no allegation that the plaintiffs in the present action have any substantial defense to the cause of action set up in the complaint in the former action, and, furthermore, that the complaint fails to show that a like judgment would not result from a new trial of the former action. In support of this contention the defendants rely upon *Lee* v. *Colquhoun,* 175 Cal. 16 [164 Pac. 894], and kindred cases. These actions involved judgments that were merely voidable and not void. A different rule prevails where the judgment is void. Quoting again from the case of *Lindsay-Strathmore Irr. Dist.* v. *Superior Court, supra,* page 332, the rule is stated as follows: ''In *Estate of White,* 37 Cal. 190, the court said that it was 'no answer to the disqualification arising from interest in the proceedings to say that the decision in the cause was correct' and that 'the statute does not say that the judge is disqualified to decide erroneously, but that he shall not decide at all'.'' Section 170 of the Code of Civil Procedure in emphatic language says that no judge disqualified by reason of his interest therein shall ''sit or act as such in any action or proceeding''. He has no jurisdiction to render a judgment in such an action. (*Lindsay-Strathmore Irr. Dist.* v. *Superior Court, supra,* p. 334.) If, therefore, the judge rendering the judgment was without jurisdiction in the proceeding, his action was a nullity. It was just as much a nullity if he decided the case correctly as

if he had rendered an erroneous judgment. It was, therefore, unnecessary for the plaintiffs herein to show in this action to set aside a void judgment that they had a good defense to the prior action or that a different judgment would result from a new trial in said action.

The contentions of the defendants that plaintiffs were guilty of laches and that the action is barred by the statute of limitations are also without merit. We have already held that the plaintiffs acted with due diligence in the commencement of this action after the discovery of the disqualification of the trial judge rendering the judgment in the former action. In fact, they took steps within a few days by motion in the former action to have the judgment vacated, and instituted this action in about four months after the discovery of the disqualification of the trial judge. On the other hand, the defendants herein must have known at all times that the trial judge was one of its stockholders. By calling the court's attention to that fact they could have easily and effectively avoided any further proceeding before the trial judge. The defendants are hardly in a position to set up any defense based upon laches on the plaintiffs' part.

As to the plea of the statute of limitations, this action was brought before the judgment in the former action had become final. Whether it might have been brought after said judgment became final, we express no opinion. We think, however, that the plain inference from the decision of the court in the case of *Lindsay-Strathmore Irr. Dist.* v. *Superior Court, supra,* page 332, is that objection to the disqualification of the trial judge by reason of his interest in the subject matter of the suit may be made at any time before the judgment becomes final. Defendants cite subdivision 1 of section 338 of the Code of Civil Procedure as providing that an action based upon a liability created by statute must be commenced within three years. This provision of the code has no application to the present action. It is not an action based upon a liability created by statute. The action is one in equity to set aside a void judgment and the statute of limitations has no application to such an action. (15 Cal. Jur., p. 57; *Estate of Pusey,* 180 Cal. 368, 374 [181 Pac. 648].)

■ The amendment to section 170 of the Code of Civil Procedure, enacted in 1927, and subsequent to the date of the judgment in the former action, requiring an objection to a trial judge by reason of his disqualification to be made at the earliest opportunity after discovery and in any event before the commencement of the trial before said judge, did not deprive the superior court in which this action was instituted of jurisdiction to hear and determine the same. The respondents rely upon the case of *First Nat. Bank* v. *Henderson*, 101 Cal. 307 [35 Pac. 899], and *Hall* v. *Superior Court*, 198 Cal. 373 [245 Pac. 814], in support of their contention that the effect of the said amendment was to deprive said superior court of jurisdiction to entertain an action of the character of the present one. A casual reading of these cases we think will be sufficient to show that they have no direct application to the present controversy. Whatever may be the effect of section 170 of the Code of Civil Procedure, as amended in 1927, we do not think it was the intention of its framers to deprive a litigant of the right to object to the disqualification of a trial judge, by reason of his interest in the action when the litigant did not discover the facts constituting the ground of the judge's disqualification until after the commencement of the action. "It is an ancient maxim applicable in all cases, civil or criminal, where judicial functions are to be exercised, whether in proceedings of inferior tribunals or in courts of last resort, that no man ought to be a judge in his own cause, a maxim which appeals with such force to one's sense of justice that it is said by Lord Coke to be a natural right so inflexible that an act of parliament seeking to subvert it would be declared void." (15 R. C. L., p. 526.) While not intimating that the legislature is without the power to deprive a litigant of this right, we are certain it would not do so except in express and unequivocal language evincing a clear and definite purpose as to its intent in that respect. No such language is to be found in section 170 of the Code of Civil Procedure, as amended in 1927. The plaintiffs, therefore, having discovered after the trial of the former action that the trial judge was disqualified, could raise this point at any time before the judgment became final (*Lindsay-Strathmore Irr. Dist.* v. *Superior Court, supra*, p. 331), and the proper forum for the determination

of the issue thus raised was the superior court, where the former action was brought or another court of like jurisdiction. (*Bank of Italy* v. *Cadenasso*, 206 Cal. 436, 438 [274 Pac. 534].)

For the reasons set forth above, the judgment is reversed, with directions to the trial court to overrule said demurrer.

Seawell, J., Shenk, J., Richards, J., and Waste, C. J., concurred.