[Civ. Nos. 48458, 48904. Second Dist., Div. Four. Mar. 7, 1977.]

FRANKLIN C. VALVO, Plaintiff and Appellant, v.
UNIVERSITY OF SOUTHERN CALIFORNIA et al.,
Defendants and Respondents.

**888**

**COUNSEL**

Franklin C. Valvo, in pro. per., for Plaintiff and Appellant.

Musick, Peeler & Garrett and Michael W. Conlon for Defendants and Respondents.

**OPINION**

**DUNN, J.**—In August 1974 Franklin Valvo commenced, in superior court, a proceeding in mandate against the University of Southern California and its board of trustees. In his second amended petition for writ of mandate, petitioner alleged that in March 1967, when he was a third-year student in the university's school of medicine, respondents

summarily dismissed him from the school. Petitioner sought to compel respondents to reinstate him as a third-year medical student in good standing. Respondents demurred generally to the second amended petition on the ground the proceeding was barred by limitations.[1] The trial court (Judge Hupp) sustained the demurrer without leave to amend, and entered an order (judgment) dismissing the proceeding. (Code Civ. Proc., §§ 581, subd. 3, 581d.) Thereafter, petitioner filed a motion for reconsideration of the order sustaining the demurrer. The motion was denied. Petitioner appeals from (1) the order sustaining the demurrer without leave to amend, (2) the order of dismissal, and (3) the order denying the motion for reconsideration. (Appeal No. 48458.)

During the pendency of the appeal petitioner moved, pursuant to Code of Civil Procedure section 473, to vacate the orders appealed from on the following grounds: (1) the orders were made as a result of the "mistake, inadvertence, neglect and possible fraud" of petitioner's former counsel;[2] and (2) the orders were void because they were rendered by a judge who was disqualified by reason of financial interest in the case and prejudice against petitioner. The court (Judge Dowds) denied the motion to vacate. Petitioner appeals from the order denying that motion. (Appeal No. 48904.)

*Appeal No. 48458*

An order sustaining a demurrer is not appealable; an appeal lies only from the ensuing judgment of dismissal. (Code Civ. Proc. §§ 581d, 904.1, subd. (a); *Beazell* v. *Schrader* (1963) 59 Cal.2d 577, 579-580 [30 Cal.Rptr. 534, 381 P.2d 390]; *Berri* v. *Superior Court* (1955) 43 Cal.2d 856, 860 [279 P.2d 8]; *Michaels* v. *Mulholland* (1953) 115 Cal.App.2d 563, 564-565 [252 P.2d 757].) Accordingly, petitioner's purported appeal from the order sustaining the demurrer is dismissed. There is no authority for an appeal from an order denying a motion to reconsider the ruling on a demurrer. (See Code Civ. Proc., § 904.1; 6 Witkin, Cal. Procedure (2d ed.) Appeal, §§ 62, 81, pp. 4077, 4091-4092.) Therefore, petitioner's

---

[1]The record furnished to us does not contain the demurrer to the second amended petition. The record shows only that respondents demurred to the second amended petition, and that such demurrer was sustained on the sole ground of "statute of limitations."

[2]After denial of the motion for reconsideration, petitioner, an attorney, substituted himself, in pro. per., as his own attorney.

appeal from such order likewise is dismissed.[3] We now turn to the merits of his appeal from the judgment of dismissal.

The second amended petition for writ of mandate alleged: respondent University of Southern California is a corporation; it is divided into various schools, including the school of medicine, and is governed by respondent board of trustees; in accordance with the rules and regulations of respondents, "student status, class standing and promotion is imposed upon all students" by the deans of the respective schools; in the school of medicine, class standing is determined by a body called the "Promotions Committee," which is responsible to the dean of the school; in September 1962 petitioner enrolled in the medical school; in September 1964 he entered the third year in good academic standing; in May 1965, for a "variety of reasons," he withdrew from the school; he was readmitted in July 1966 on the understanding that his progress would be reviewed early in 1967, but grading and promotion would be determined only on the basis of a full academic year, so that a decision regarding petitioner's promotion would not be made until the summer of 1967; accordingly, in September 1966 petitioner reentered medical school; early in 1967 he became ill, and was treated by a Dr. Sloan; the promotions committee met at mid-year and "without permitting an opportunity for a full hearing or for that matter any hearing or consideration of the [medical] report by Dr. Sloan summarily dismissed petitioner;" written notice of the dismissal was dated March 21, 1967, and was preceded by petitioner's interview with Dr. Nerlich, associate dean of the medical school; Dr. Nerlich told petitioner that his dismissal came as a complete surprise and that petitioner was not given notice of the meeting of the promotions committee because Nerlich did not believe that any of petitioner's problems would prevent his successful completion of the academic year; Nerlich stated that the committee's dismissal of petitioner "was the wrong thing to do;" he said that he "knew of no other student dismissed in the middle of the academic year," and added that six other junior students, also on probation and in petitioner's category, were passed over, and only petitioner was dismissed; Nerlich further stated that the promotions committee had

---

[3]Until entry of judgment, a ruling on a demurrer is not res judicata and may be reconsidered and changed by the trial court. (*Berri* v. *Superior Court* (1955) 43 Cal.2d 856, 860 [279 P.2d 8]; *Collins* v. *Marvel Land Co.* (1970) 13 Cal.App.3d 34, 45 [91 Cal.Rptr. 291]; 3 Witkin Cal. Procedure (2d ed.), Pleading, § 836, p. 2443.) Here, however, petitioner did not move for reconsideration of the order sustaining the demurrer without leave to amend until *after* entry of the judgment of dismissal. Thus, apart from the question of its appealability, the order denying reconsideration was proper.

received Dr. Sloan's medical report but "did not bother to read it and was only interested in a rapid dismissal" of petitioner; at the time of his dismissal, petitioner was encouraged by Dr. Nerlich to continue his medical training and "to come back into the program at the University;" at all times petitioner was free of any unbecoming behavior capable of subjecting him to disciplinary action or dismissal; he was in good academic standing according to the procedures of the medical school in effect at the time of his dismissal.

The petition further alleged: the medical school has certain policies governing readmission which provide that students dismissed by the promotions committee who wish to be readmitted "must file a petition for readmission through the office of Student Affairs; if the Associate Dean of Student Affairs believes there is adequate reason for reopening the case, the petition will be presented to the faculty executive committee and thereafter to the Promotions Committee," which has final authority in matters of readmission; at all times such procedure was followed in petitioner's case; after petitioner was dismissed, attempts were made for clarification of his status, but on July 23, 1969, he was again "turned back without a hearing" by the promotions committee; in August 1969 Dr. Nerlich told petitioner his case was hopelessly enmeshed with the internal problems of the medical school and the promotions committee; petitioner's situation was then discussed with Dr. Bauer, dean of the medical school; Dr. Bauer expressed disagreement with the action of the promotions committee, but indicated his inability to change its decision; at this time, as well as at other times, petitioner was "given encourage-ment" that when the medical school's internal problems were corrected, his status would be changed by appropriate action of the promotions committee; however, in October 1969, and again in November 1970, the committee refused to readmit petitioner to the medical school.

It was also alleged: at none of the meetings of the promotions committee from March 1967 through November 1970 was petitioner afforded a full and complete hearing regarding his status in the medical school; in dismissing petitioner and refusing to readmit him, respondents acted arbitrarily, capriciously and in bad faith; from March 1967 through November 1970, and even thereafter, petitioner was in constant contact with medical school personnel at respondent university; during this period, petitioner was encouraged to attempt to secure readmission through normal channels "with the view expressed that such method was the proper way to proceed;" at least through November 1970, petitioner,

in good faith, relied on the representations and conduct of medical school personnel by attempting to secure readmission through the procedure set up by the school rather than through the commencement of a lawsuit; petitioner has exhausted all known remedies, short of mandate for securing readmission.

A mandate proceeding is barred if not commenced within the applicable period prescribed by the limitations statutes, and the limitation begins to run when the cause of action first accrues. (*Barlow* v. *City Council of Inglewood* (1948) 32 Cal.2d 688, 697 [197 P.2d 721]; *Dillon* v. *Board of Pension Commrs.* (1941) 18 Cal.2d 427, 429-430 [116 P.2d 37, 136 A.L.R. 800].) Code of Civil Procedure section 343 reads: "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." It has been held that section 343 applies to proceedings in mandate (see *Barnes* v. *Glide* (1897) 117 Cal. 1, 6-7 [48 P. 804]; *Woods* v. *Hyde* (1923) 64 Cal.App. 433, 439 [222 P. 168]) and, under the facts alleged in the present case, no other statute of limitations appears to be appropriate. Thus, the limitation period here is four years. Petitioner argues that, because the exhaustion of administrative remedies was a condition precedent to his right to seek judicial relief (see *Holderby* v. *Internat. Union etc. Engrs.* (1955) 45 Cal.2d 843, 846 [291 P.2d 463]; *Alexander* v. *State Personnel Bd.* (1943) 22 Cal.2d 198, 199 [137 P.2d 433]), his cause of action accrued in November 1970, when he exhausted the procedure established by respondents for readmission to medical school following his dismissal. It is perhaps more precise to view petitioner's claim of improper dismissal as having accrued on the date of the actual dismissal, and to consider the statute of limitations as tolled while petitioner pursued available administrative remedies. (See *Monroe* v. *Trustees of the California State Colleges* (1971) 6 Cal.3d 399, 405-406, fn. 2 [99 Cal.Rptr. 129, 491 P.2d 1105].) Thus, rephrasing petitioner's contention, his cause of action accrued upon his dismissal in March 1967, but the limitation period began to run only upon his exhaustion of administrative remedies in November 1970. If this contention is correct, the instant proceeding, commenced in August 1974, is not barred by the statute of limitations.

The second amended petition alleged in detail the procedure established by respondents which a dismissed medical student must follow in seeking readmission. The petition did not allege how soon, according to

such procedure, a student must seek readmission following his dismissal, nor did it allege when petitioner first attempted to secure readmission through administrative channels. It was alleged that on three occasions (July 1969, October 1969 and November 1970) the promotions committee denied petitioner's requests for readmission. From the latter allegation it appears that petitioner first sought readmission in 1969, two years after his dismissal. Since petitioner's right to seek judicial redress for his dismissal was conditioned on the exhaustion of administrative remedies, the four-year statute of limitations was tolled while he pursued such remedies. However, petitioner could not further suspend the running of the statute by unreasonably delaying initiation of the administrative process. ■ "[W]hen the plaintiff's right of action depends upon some act which he has to perform preliminarily to commencing suit, and he is under no restraint or disability in the performance of such act, he cannot suspend indefinitely the running of the statute of limitations by a delay in performing such preliminary act, and . . . if the time within which such act is to be performed is indefinite or not specified, a reasonable time will be allowed therefor, and the statute will begin to run after the lapse of such reasonable time. What is a reasonable time will depend upon the circumstances of each case. A party cannot by his own negligence, or for his own convenience, stop the running of the statute." (*Williams* v. *Bergin* (1897) 116 Cal. 56, 60-61 [47 P. 877].)

■ Since the petition did not indicate how soon a dismissed medical student must apply for readmission, petitioner, following his dismissal, was allowed a reasonable time within which to request readmission. For the purpose of determining the sufficiency of the petition as against the demurrer, it cannot now be said that petitioner's apparent delay of two years in first seeking readmission was unreasonable as a matter of law. ■ "[A] demurrer on the ground of the bar of the statute of limitations does not lie where the complaint merely shows that the action may have been barred. It must appear affirmatively that, upon the facts stated, the right of action is necessarily barred." (*Pike* v. *Zadig* (1915) 171 Cal. 273, 277 [152 P. 923]. See also *Vassere* v. *Joerger* (1938) 10 Cal.2d 689, 693 [76 P.2d 656]; *Moya* v. *Northrup* (1970) 10 Cal.App.3d 276, 283 [88 Cal.Rptr. 783].) ■ The petition does not affirmatively show that the cause of action necessarily is barred by limitations. Therefore, the proceeding was improperly dismissed.

■ Petitioner attempted to plead facts showing that respondents are estopped to assert the bar of limitations because petitioner delayed the

commencement of this proceeding in justifiable reliance on respondents' representations that he would be readmitted to the medical school by following the school's procedure for readmission, without the necessity of filing a lawsuit. It is true that a defendant may be estopped to rely on the defense of limitations when, by his conduct, he induces delay in filing the action, even though there was no fraud on his part. (*Ginns* v. *Savage* (1964) 61 Cal.2d 520, 524-525 [39 Cal.Rptr. 377, 393 P.2d 689]; *Denham* v. *County of Los Angeles* (1968) 259 Cal.App.2d 860, 867 [66 Cal.Rptr. 922].) However, respondents' alleged representations were merely to the effect that petitioner should pursue administrative remedies rather than resort to the courts to secure readmission. Petitioner could not justifiably have relied on such representations in delaying the commencement of the instant proceeding, for he was not entitled, in any event, to seek readmission by judicial intervention until he had exhausted available administrative remedies.

Since the judgment must be reversed, it is appropriate to consider the nature of the relief to which petitioner may be entitled, inasmuch as the resolution of such question is necessary to a final disposition of this proceeding in the trial court. (See Code Civ. Proc., § 43; *Mossman* v. *Superior Court* (1972) 22 Cal.App.3d 706, 710 [99 Cal.Rptr. 638].) ■ Mandamus lies to set aside the dismissal of a medical student if such dismissal was arbitrary, capricious or in bad faith. (*Wong* v. *Regents of University of California* (1971) 15 Cal.App.3d 823, 829 [93 Cal.Rptr. 502].) In the instant case, petitioner pleaded facts which reasonably may be held to allege that respondents acted arbitrarily and capriciously in dismissing him. However, petitioner is not entitled to a writ of mandate reinstating him as a medical student because, to warrant the granting of such relief, the trial court necessarily would have to determine that petitioner, at the time of his dismissal, was scholastically qualified to continue his study of medicine; only the appropriate authorities of the medical school are qualified to make such a determination. (*Wong* v. *Regents of University of California, supra,* 15 Cal.App.3d at pp. 830-831.) Therefore, should petitioner succeed in establishing that respondents acted arbitrarily and capriciously in dismissing him from medical school, he would be entitled to a writ commanding respondents to give him a fair hearing on his dismissal as well as a determination of the reasonableness of his apparent two-year delay in instituting the administrative process. (See *Connelly* v. *University of Vermont and State Agr. Col.* (D.Vt. 1965) 244 F.Supp. 156, 161.)

*Appeal No. 48904*

After filing his appeal from the judgment of dismissal, petitioner moved to vacate the judgment pursuant to Code of Civil Procedure section 473. He appeals from the order denying that motion.[4]

■ As a general rule, a trial court is without jurisdiction to vacate its judgment pending an appeal therefrom. (Code Civ. Proc., § 916; *Kalmus* v. *Kalmus* (1951) 103 Cal.App.2d 405, 420 [230 P.2d 57]; *Swan* v. *Riverbank Canning Co.* (1947) 81 Cal.App.2d 555, 558 [184 P.2d 686]; *Field* v. *Hughes* (1933) 134 Cal.App. 325, 327 [25 P.2d 241]; 6 Witkin, Cal. Procedure (2d ed.) Appeal, § 4, pp. 4021-4022.) Petitioner argues that, because the motion to vacate was based in part upon the ground that the judgment was void due to the disqualification of Judge Hupp, and petitioner did not discover such disqualification until after entry of the judgment, the trial court (Judge Dowds) had authority to vacate the judgment despite the pendency of the appeal therefrom. In support of this contention, petitioner cites and relies upon *Cadenasso* v. *Bank of Italy* (1932) 214 Cal. 562 [6 P.2d 944]. There, Cadenasso had appealed to the Supreme Court from a judgment in favor of the bank. On the day the Supreme Court affirmed the judgment, Cadenasso learned for the first time that the judge who tried the action and rendered the judgment was disqualified from acting in the matter because he was a stockholder of the bank. A few days after learning of the judge's disqualification, Cadenasso filed a motion in the Supreme Court to vacate the judgment on the ground of such disqualification. The Supreme Court denied the motion to vacate, stating that the trial court was the proper forum for the determination of the issue raised by the motion. Accordingly, two weeks later Cadenasso commenced an action in the trial court to vacate the judgment on the ground of the disqualification of the judge who rendered it. The bank filed a general demurrer to the complaint. The demurrer was sustained without leave to amend, and Cadenasso appealed from the ensuing judgment of dismissal. The Supreme Court reversed that judgment and, after pointing out that any act of a disqualified judge is void wherever brought in question, stated: "The plaintiffs, therefore, having discovered after the trial of the former action that the trial judge was disqualified, could raise this point at any time before the judgment became final [citation], and the proper forum for the determination of the issue thus raised was the superior court, where

---

[4]An order denying a motion for relief under Code of Civil Procedure section 473 is appealable. (*Winslow* v. *Harold G. Ferguson Corp.* (1944) 25 Cal.2d 274, 282 [153 P.2d 714]; 6 Witkin, Cal. Procedure (2d ed.) Appeal, § 94, pp. 4100-4102.)

the former action was brought or another court of like jurisdiction." (214 Cal. at pp. 570-571.)

The attack upon the judgment in *Cadenasso* was by a separate suit. Whether the *Cadenasso* decision authorizes an attack upon a judgment by a motion while an appeal is pending need not be decided in this case for petitioner's motion presented no facts showing that Judge Hupp was disqualified.[5]

The judgment of dismissal is reversed, and the trial court is directed to overrule respondents' demurrer to the second amended petition. The order denying petitioner's motion to vacate the judgment is affirmed. Petitioner's appeal from the order sustaining the demurrer and from the order denying his motion to reconsider the ruling on the demurrer, is dismissed. Each party shall bear his or its own costs on appeal.

Files, P. J., and Jefferson (Bernard), J., concurred.

A petition for a rehearing was denied March 22, 1977.

---

[5]Petitioner claimed that Judge Hupp was disqualified because he had both a financial and a personal interest in the subject matter of the proceeding solely by virtue of his position, until March 27, 1972, as trustee and president of the San Gabriel School District.

There was no claim that Judge Hupp was an alumnus of the respondent university, or that he ever held any position with respondent.