[Civ. No. 57711. Second Dist., Div. Two. May 9, 1980.]

HENRY DAVID SCHORR, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
NORMA J. SCHORR, Real Party in Interest.

COUNSEL

Goldin & Goldin, Martha Goldin and George E. Shibley for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

OPINION

FLEMING, J.—Petition by Henry Schorr to mandate respondent court to disqualify Commissioner Lee B. Ragin from hearing a pending cause and to assign another judge to hear orders to show cause in the matter

of petitioner's marriage to real party in interest Norma Schorr. Pursuant to an order of the Supreme Court we issued an alternative writ.

Petitioner husband and real party in interest wife were divorced in 1969, at which time orders for child custody and support were made. Both parties now seek to modify those orders. Wife obtained a show-cause order to modify child support, and husband obtained a show-cause order to modify child custody. Petitioner husband himself set the matter for hearing on October 9, 1979, in respondent court's southeast district, department M, where Commissioner Ragin was sitting.

On the morning of October 9 the parties stipulated that Commissioner Ragin could hear the orders to show cause as a temporary judge. Subsequent to the stipulation Commissioner Ragin conducted a conference with the parties in chambers. At noon, after the conference, counsel for husband moved to disqualify Commissioner Ragin under Code of Civil Procedure section 170.6 (peremptory disqualification) and section 170, subdivision 5 (disqualification for cause), and orally declared that the commissioner was prejudiced against his client. Counsel for husband also requested that he be given until 2 p.m. to prepare and file a written declaration setting forth the factual basis for his motion to disqualify the commissioner for cause under section 170, subdivision 5. Commissioner Ragin declined to disqualify himself, stating (1) the motions were untimely because the proceeding had already begun, and (2) he was not prejudiced. Counsel for husband then asked the commissioner to continue the hearing on the orders to show cause in order to enable him to seek a writ which would prohibit the commissioner from hearing the matter. The commissioner granted a continuance, but before doing so he ordered an increase in the amount of child support pending resumption of the proceedings in the trial court.

Under Code of Civil Procedure section 170.6 a party or his attorney may peremptorily disqualify a judge or commissioner merely by orally declaring under oath his belief that the party "cannot have a fair and impartial trial or hearing" before the judge or commissioner. Such a peremptory challenge, however, must be made "not later than the commencement of the hearing." (Code Civ. Proc., § 170.6, subd. (2).) At bench, the hearing on the orders to show cause effectively commenced with the conference in Commissioner Ragin's chambers. Hence, husband's motion under section 170.6, made at the conclusion of the conference, was untimely.

■ Husband also sought to disqualify the commissioner pursuant to Code of Civil Procedure section 170, subdivision 5 (disqualification for cause). To disqualify a judge or commissioner for cause under section 170, subdivision 5 a party must file a verified written statement alleging facts which show actual prejudice or bias on the part of the judge. A challenge under this section is timely when made at the earliest, practicable opportunity after discovery of the disqualifying facts. In the instant cause, counsel for husband contends he first learned the facts which led him to believe Commissioner Ragin was disqualified by bias or prejudice against his client during the conference in the commissioner's chambers. At the conclusion of the conference husband's counsel promptly moved under section 170, subdivision 5 to continue the proceeding for two hours to enable him to file a verified written statement to disqualify the commissioner for cause. Since bias or prejudice of a judge or commissioner may make its appearance anytime, even in the middle of a trial, the commissioner could have become disqualified under section 170, subdivision 5 for events occurring at the conference. (*Cadenasso* v. *Bank of Italy* (1932) 214 Cal. 562, 570 [6 P.2d 944]; *Adoption of Richardson* (1967) 251 Cal.App.2d 222, 233 [59 Cal.Rptr. 323]; *Pacific etc. Conference of United Methodist Church* v. *Superior Court* (1978) 82 Cal.App.3d 72, 82 [147 Cal.Rptr. 44].) The motion for a two-hour continuance should have been granted, and, if it should develop that the commissioner was disqualified in fact, his order increasing child support may become voidable.

Let a peremptory writ of mandate issue requiring respondent court to allow husband to file his verified written statement under section 170, subdivision 5 and, if the statement is legally sufficient in form and content, to provide for its hearing by another judge.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied June 4, 1980, and petitioner's application for a hearing by the Supreme Court was denied July 2, 1980. Mosk, J., was of the opinion that the application should be granted.